PER CURIAM:
Our motions calendar for May 30, 1978 contained an application by members of American Radio Association (ARA), a union representing radio officers employed on ships owned by defendant-appellee Prudential Lines, Inc. (Prudential), 13 of which are scheduled to be transferred beginning today to defendant-appellee Delta Steamship Lines, Inc. (Delta), for an injunction pend *185 ing appeal from an order of the District Court for the Southern District of New York. The order, entered after a four day hearing before Judge Cannella, and followed by an opinion, denied a preliminary injunction to enforce the award of an arbitrator which had directed enforcement, in a modified fashion, of Article 62 of a collective bargaining agreement between ARA and Prudential that required Prudential to make protective arrangements for the radio officers in the event of sale of any vessels for operation under the United States flag. After receiving briefs and hearing argument, we directed that the status quo be preserved pending the submission of further briefs and hearing further argument on a hearing of the appeal on May 31 and our decision thereon.
The case involves difficult questions relating to § 8(e) of the National Labor Relations Act and the antitrust laws, as well as a claim under § 15 of the Shipping Act. The district judge concluded that plaintiffs had a probability of success on the first and the third, but that defendants would probably succeed on the second. He therefore denied a preliminary injunction, although he found that “all individual plaintiffs would probably suffer irreparable harm”. There was no doubt that defendants would suffer irreparable harm from issuance of a preliminary injunction since this would abort the sale.
We find it unnecessary to pass upon the correctness of the judge’s conclusions concerning probability of success, since we do not agree that plaintiffs made a sufficient showing of irreparable harm, as compared to the strong showing on that score made by the defendants. The judge concluded that the collective bargaining agreement between ARA and Prudential would expire on June 15, 1978. We do not understand that Prudential covenanted to obtain protection for the radio officers extending beyond the life of the agreement. In light of this and the concededly grave harm to Prudential and Delta from the grant of a temporary injunction, we cannot hold that its denial was improper. See 7 Moore, Federal Practice 165.04[1] at 65-39 to 65-45 (2d ed. 1975); Mulligan, Preliminary Injunction In The Second Circuit, 43 Brooklyn L.Rev. 831, 839 (1977). Our holding in no way impairs any other rights which ARA or its members may have under the collective bargaining agreement or the arbitrator’s award.
Affirmed.