Robert WYLER and Shawn Diane Becker, Plaintiffs-Appellants,

v.

UNITED STATES of America; United States Department of Justice; United States Drug Enforcement Administration; Federal Bureau of Investigation; William Oakes; John R. Schuller; James Harris; Al Henley; Dwight Rabb; Christopher Mattiace; Oakland Park City Police Department; Peter Williams; William Schuchter; Robert Butterworth, individually and as Sheriff of Broward County, Florida; Pan American Van Lines & Storage Company; John Doe(s); James Doe(s); Century Moving and Storage Company; and Edward J. Stalk, individually and as Sheriff of Broward County, Florida, Defendants-Appellees.

No. 204, Docket 83–6131.

United States Court of Appeals, Second Circuit.

Argued Nov. 4, 1983.

Decided Dec. 22, 1983.

---

Bruce G. Cassidy, Philadelphia, Pa. (Desaretz & Cassidy, Philadelphia, Pa., Ian J. Gura, New York City, of counsel), for plaintiffs-appellants.

Gerald T. Ford, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., for the Southern District of New York, Thomas D. Warren, Asst. U.S. Atty., New York City, of counsel), for Federal defendants-appellees.

Andrew L. Hughes, New York City (Townley & Updike, New York City, of counsel), for certain Florida defendants-appellees.

Before MANSFIELD, KEARSE and PRATT, Circuit Judges.

MANSFIELD, Circuit Judge:

In this action for damages based on entries by Drug Enforcement Administration (DEA) agents and others into plaintiffs' apartment in New York and leased property in Florida, and search of their belongings in a California warehouse, all allegedly in violation of the Fourth Amendment, various federal civil rights statutes, the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, and common law, plaintiffs appeal from an order of the Southern District of New York entered pursuant to a decision of Chief Judge Constance Baker Motley granting summary judgment dismissing their complaint. The complaint in shotgun fashion alleges in general terms a catchall compendium of wrongful acts in Florida (Counts I and III), New York (Count II) and California (Count IV). It names as defendants the United States Government, the Department of Justice, various federal law enforcement agencies, the Oakland Park City Police Department, two sheriffs of Broward County, Florida, various individual federal law enforcement agents and a few non-government persons and corporations. With the exception of Counts III and IV each count indiscriminately alleges in vague and conclusory fashion that all defendants participated in the alleged misconduct. The district court dismissed the claims based on the Florida and California searches as barred by the statute of limitations and plaintiffs' brief advises that they appeal only with respect to the entry into their New York apartment (Count II).[1] We affirm.

The present action was commenced in June 1982. On February 1, 1983, the federal defendants moved to dismiss the complaint pursuant to F.R.Civ.P. 12(b)(2) and 12(b)(6) or in the alternative for summary judgment under F.R.Civ.P. 56. The motion was supported by a statement pursuant to

Local Civil Rule 3(g) of the Southern District of New York and the affidavits of FBI Agents Paul L. Andrews and Christopher Mattiace, DEA Agents James Harris, Alvah M. Henley, William D. Oakes, Dwight S. Rabb, John R. Schuller, DEA Associate Chief Counsel Craig E. Richardson, Assistant U.S. Attorney Cathy R. Silak, and William R. Schuchter. These affidavits set forth specific facts which would, unless factually controverted, entitle the defendants to dismissal. The sole opposition affidavit was that of plaintiffs' attorney, Bruce G. Cassidy, which was limited to general conclusory averments, including the contention that the affidavits of the federal agents "are self-serving and not credible." Plaintiffs did not file any opposition statement as required by Local Rule 3(g), which provides:

"The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.

"All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."

The pertinent facts revealed by the moving papers, which must be deemed admitted, *Gatling v. Atlantic Richfield Co.,* 577 F.2d 185, 187 (2d Cir.), *cert. denied,* 439 U.S. 861, 99 S.Ct. 181, 58 L.Ed.2d 169 (1978), are as follows. On July 2, 1980, a group of government agents, including FBI agents and defendants William Oakes, Alvah M. Henley and Dwight Rabb, armed with a warrant issued by Judge Robert L. Carter of the Southern District of New York for the arrest of Wyler, a fugitive, arrested him in his New York City apartment. Wyler had been convicted of serious federal felonies, see *United States v. Wyler,* 639 F.2d

---

1. Various named defendants either were not served with process or did not participate in the New York search, leaving only the federal government, its agencies and New York DEA Agents William Oakes, Al Henley and Dwight Rabb as defendants with respect to whom plaintiffs now prosecute the appeal.

770 (2d Cir.1980), *cert. denied,* 454 U.S. 829, 102 S.Ct. 123, 70 L.Ed.2d 105 (1981).

In the course of a security check of the apartment at the time of arrest Agent Rabb saw a quantity of marijuana in plain view on a kitchen counter but did not seize it. After Agent Rabb departed to obtain a search warrant and Oakes left the premises with Wyler in custody, Henley and other agents remained to guard the apartment pending issuance of the search warrant. Henley alleged in his affidavit that no search was conducted until Oakes returned with the search warrant. When Oakes returned he and Henley searched the apartment, seizing the marijuana and other contraband, including two pistols and a silencer. Later they arrested Becker as she was returning to the apartment. Wyler pleaded guilty to bail-jumping and unlawful possession of firearms, *United States v. Wyler,* 661 F.2d 912 (2d Cir.), *cert. denied,* 454 U.S. 898, 102 S.Ct. 399, 70 L.Ed.2d 214 (1981).

Becker and Wyler were later convicted with two others of attempting to enable Wyler to escape from the Metropolitan Correction Center by means of a hijacked helicopter. *United States v. Wyler,* 661 F.2d 912 (2d Cir.), *cert. denied,* 454 U.S. 898, 102 S.Ct. 399, 70 L.Ed.2d 214 (1981).

On May 12, 1983, Judge Motley heard oral argument on defendants' motion. She dismissed the claims based on the Florida and California searches as barred by the applicable statute of limitations and lack of personal jurisdiction over some defendants, which is not challenged. She also dismissed the claims against the federal defendants based on the search of the New York apartment on the ground that the plaintiffs failed to file any supporting affidavits. From this latter dismissal plaintiffs appeal.

## DISCUSSION

■ Plaintiffs' claims, insofar as they are based on 42 U.S.C. § 1983, were properly dismissed for lack of any state action. Their reliance on the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, is also misplaced because of their failure to make a timely filing of an administrative claim with the appropriate government agency pursuant to 28 U.S.C. § 2675(a). Absent compliance with the statute's requirements the action is barred by sovereign immunity and the district court had no subject matter jurisdiction. *Keene Corp. v. United States,* 700 F.2d 836, 841 (2d Cir.1983). The claims alleging common law tort liability are likewise barred by the absolute immunity of the defendants for acts allegedly done in the course of their official duties. *Barr v. Mateo,* 360 U.S. 564, 574–75, 79 S.Ct. 1335, 1341, 3 L.Ed.2d 1434 (1959); *Huntington Towers, Ltd. v. Franklin National Bank,* 559 F.2d 863, 870 (2d Cir.1977), *cert. denied,* 434 U.S. 1012, 98 S.Ct. 726, 54 L.Ed.2d 756 (1978); *Gregoire v. Biddle,* 177 F.2d 579, 581 (2d Cir.1949), *cert. denied,* 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950).

Thus the only claim that cannot be dismissed on its face is plaintiffs' direct Fourth Amendment claim derived from *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However, this claim would be dismissible on grounds of immunity if the defendants could show that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," i.e., that it is reasonable when viewed objectively. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

"Reliance on the objective reasonableness of an official's conduct, as measured by reference to clearly established law, should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment. On summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful. Until this threshold immunity question is

resolved, discovery should not be allowed. If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct. Nevertheless, if the official pleading the defense claims extraordinary circumstances and can prove that he neither knew nor should have known of the relevant legal standard, the defense should be sustained. But again, the defense would turn primarily on objective factors." *Id.* at 818–19, 102 S.Ct. at 2739. (Footnote omitted).

■ Upon a defendant's motion for summary judgment supported by proof of facts entitling the movant to dismissal the plaintiff is required under Rule 56(e) to set forth specific facts showing that there is a general issue of material fact for trial or face dismissal. *SEC v. Research Automation Corp.,* 585 F.2d 31, 33–35 (2d Cir.1978); *Gatling v. Atlantic Richfield Co.,* 577 F.2d 185, 187–88 (2d Cir.), *cert. denied,* 439 U.S. 861, 99 S.Ct. 181, 58 L.Ed.2d 169 (1978); *Contemporary Mission, Inc. v. United States Postal Service,* 648 F.2d 97, 107 (2d Cir.1981). If facts essential to support such opposition are not available, the plaintiff may obtain a continuance under Rule 56(f) to permit affidavits to be obtained or discovery to be had. He cannot rely simply on conclusory statements or on contentions that the affidavits in support of the motion are incredible. *Curl v. International Business Machines Corp.,* 517 F.2d 212, 214 (5th Cir.1975) (quoting *Rinieri v. Scanlon,* 254 F.Supp. 469, 474 (S.D.N.Y.1966)), *cert. denied,* 425 U.S. 943, 96 S.Ct. 1683, 48 L.Ed.2d 187 (1976); *see Markowitz v. Republic National Bank,* 651 F.2d 825, 828 (2d Cir.1981). An affidavit of the opposing party's attorney which does not contain specific facts or is not based on first-hand knowledge is not entitled to any weight. *See Gatling v. Atlantic Richfield Co., supra,* 577 F.2d at 188; *Schiess-Froriep Corp. v. S.S. Finnsailor,* 574 F.2d 123, 126 (2d Cir.1978).

■ In the present case the defendants' detailed moving affidavits show that they acted lawfully pursuant to validly issued warrants entitling them to enter and arrest Wyler in his apartment. *Steagald v. United States,* 451 U.S. 204, 221, 101 S.Ct. 1642, 1652, 68 L.Ed.2d 38 (1981); *Payton v. New York,* 445 U.S. 573, 602–03, 100 S.Ct. 1371, 1388, 63 L.Ed.2d 639 (1980); *Baker v. McCollan,* 443 U.S. 137, 142–46, 99 S.Ct. 2689, 2693–95, 61 L.Ed.2d 433 (1979). Simultaneously with the arrest they were entitled to make a protective security sweep of the apartment, *United States v. Vasquez,* 638 F.2d 507, 530 (2d Cir.1980), *cert. denied,* 454 U.S. 975, 102 S.Ct. 528, 70 L.Ed.2d 396 (1981). Such a check was justified in view of the dangerousness of Wyler, then a fugitive twice convicted of serious violations of federal narcotics laws. Rabb's observation of marijuana in plain view on the kitchen counter during the lawful security check was proper, *United States v. Vasquez, supra,* 638 F.2d at 529 n. 14, providing a basis for issuance of a search warrant, which was obtained. The warrant entitled the officers to make their later search of the apartment. Henley properly remained in the apartment for security purposes pending issuance of the search warrant. *United States v. Diaz,* 577 F.2d 821, 824 (2d Cir.1981).

Upon this appeal plaintiffs include in their appendix a transcript of an oral ruling by Judge Robert J. Ward of the Southern District of New York on August 13, 1981, in the criminal proceeding against Wyler for unlawful possession of firearms on July 2, 1980, in his New York apartment, suppressing certain items found by agents in their search of his apartment on that date on the ground that part of the search occurred before the issuance of the search warrant and the government had failed to prove by a preponderance of the evidence that the search and seizure was legally sufficient. Since the transcript was not presented to the district court and is not part of the district court record before us, it would not ordinarily be entitled to consideration upon this appeal. *Bersch v. Drexel Firestone, Inc.,* 519 F.2d 974, 998 n. 55 (2d Cir.), *cert. denied,* 423 U.S. 1018, 96 S.Ct. 453, 46 L.Ed.2d 389 (1975); *Dictograph Products Co. v. Sonotone Corp.,* 231 F.2d 867, 867 (2d

Cir.), *cert. dismissed,* 352 U.S. 883, 77 S.Ct. 104, 1 L.Ed.2d 82 (1956). Indeed it is doubtful that Judge Ward's opinion would be admissible against DEA Agents Oakes, Henley and Rabb in this case, since they were not parties to the criminal proceeding and would therefore not be bound by it in the present action. *Warren v. Byrne,* 699 F.2d 95, 97–98 (2d Cir.1983); *Arnstein v. Porter,* 154 F.2d 464, 475 (2d Cir.1946). Moreover, the issue in the present case differs substantially from that before Judge Ward in *United States v. Wyler, Becker, et al.,* 81 Cr. 54. The issue in the criminal case, as summarized by Judge Ward, was whether the government could prove by a preponderance of the evidence "that the search and seizure in question was legally sufficient to render the seized materials admissible at trial," whereas the issue in the present case is whether the agents acted reasonably in their arrest of Wyler and subsequent search of the apartment. *Harlow v. Fitzgerald, supra.* The standards for determining these different issues are not the same. One involves the admissibility of evidence at a criminal trial; the other relates to the question of whether the agents acted reasonably under the circumstances, including their knowledge that a valid arrest warrant had issued and a valid search warrant was about to be issued.

Even if the foregoing disabilities are disregarded Judge Ward's ruling does not controvert the affidavits of the New York DEA agents, each of whom describes specifically his conduct at the time of the New York search and states that he either did not participate in the search or engaged in it only after the admittedly valid search warrant had been issued. The transcript of the Ward hearing discloses that at least several other agents from other groups entered Wyler's apartment on July 2, 1980 (App. 262–65); and that Judge Ward did not find that the individual movants here, Agents Oakes, Henley and Rabb, participated in any unlawful search. In view of plaintiffs' failure to offer any evidence rebutting the defendants' specific affidavits to the effect that they did not search until after the search warrant was issued the

district court's decision must for this reason, in addition to the above-enumerated grounds, be affirmed.

We have considered plaintiffs' other contentions and find them meritless. The orders and judgment of the district court dismissing the complaint are affirmed.