UNITED STATES of America, Plaintiff,

v.

ONE 1984 FORD BRONCO, VIN # 1FMCU145IEUA85204, Defendant.

No. 85 CV 4101.

United States District Court,
E.D. New York.

Nov. 23, 1987.

Andrew J. Maloney, U.S. Atty., E.D.N.Y. (Charles E. Knapp, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for plaintiff.

Schulman & Laifer, Brooklyn, N.Y. (Michael A. O'Connor, of counsel), for defendant.

MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an *in rem* action seeking forfeiture and condemnation of the defendant

light utility vehicle on the ground that it was used to facilitate a drug transaction. The Government moves for summary judgment under Fed.R.Civ.P. 56(a), asserting that seizure of the vehicle is supported by probable cause.

## FACTS

The Government asserts that there is probable cause to believe that the defendant vehicle was used to facilitate the sale of cocaine by Nelson and Gladys Segovia to undercover narcotics agents on July 26, 1985. The Government has submitted a statement pursuant to Local R.Civ.P. 3(g), which is supported by affidavits from three agents involved in the investigation.

The Government states that on July 26, federal, state, and local narcotics agents had arranged for an undercover purchase of cocaine at the Segovias' residence, 32–06 47th Street, Apartment 5B, Queens, New York. At around 7:30 p.m., Delfo Vanerio and claimant were observed entering the Segovias' apartment building. Delfo was carrying a brown, vinyl shoulder bag. Delfo and claimant subsequently left the building without the bag. At around 10:00 p.m., the agents observed the defendant vehicle being driven slowly and repeatedly around the 47th street block. Its three occupants, Oscar Vanerio, Delfo, and claimant, were seen staring into the lobby of the Segovias' apartment building. The vehicle was parked on 47th Street and was seized by the agents. At around 10:40 p.m., the agents searched the Segovias' apartment pursuant to a warrant. A brown, vinyl shoulder bag was seized. The bag contained a clear, plastic bag filled with approximately one kilogram of cocaine. Subsequent analysis of the bag showed a latent fingerprint belonging to Oscar Vanerio.

Claimant has submitted an "Answer to Plaintiff's Motion for Summary Judgment" signed by her attorney. The answer states that claimant and Delfo did not enter the apartment building at 7:30 p.m., and that none of the occupants of the defendant vehicle stared into the lobby of the building while the vehicle was being driven around the block.

## DISCUSSION

A summary judgment motion shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Although the moving party is not required to submit affidavits in support of the motion, *see* Fed.R.Civ.P. 56(a), (b), if it does so, the

> adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

■ In this case, the Government has submitted affidavits based on personal knowledge from three narcotics agents, as well as the Rule 3(g) statement, which incorporates the relevant parts of the affidavits. Claimant, however, has failed to submit an affidavit in response. She has instead submitted a self-styled "Answer" signed by her attorney. This "Answer" fails to satisfy the requirements of Rule 56(c). If it is considered a statement by claimant, it fails because it is neither signed nor sworn to by the claimant. If it is considered a statement by counsel, it fails because it is not based on personal knowlege. *See* Fed.R.Civ.P. 56(e); *Gatling v. Atlantic Richfield Co.,* 577 F.2d 185, 188 (2d Cir.), *cert. denied,* 439 U.S. 861, 99 S.Ct. 181, 58 L.Ed.2d 169 (1978). Finally, claimant has failed to offer reasons to justify her failure to submit an affidavit. *See* Fed.R.Civ.P. 56(f). The Court thus will not consider the "Answer" submitted by claimant. Accordingly, the statements in the Government's affidavits are deemed uncontroverted, and the Court shall consider

whether summary judgment is appropriate. *See* Fed.R.Civ.P. 56(e).

 Under 21 U.S.C. § 881(a)(4), the defendant vehicle is subject to forfeiture to the United States if it has been used "in any manner to facilitate the transporation, sale, receipt, possession, or concealment of" a controlled substance. The Government bears the initial burden of showing that there is probable cause for a forfeiture. *See* 21 U.S.C. § 881(d) (incorporating 19 U.S.C. § 1615). If it makes such a showing, the ultimate burden shifts to the claimant to "prov[e] that the factual predicates for a forfeiture have not been met." *United States v. Banco Cafetero Panama,* 797 F.2d 1154, 1160 (2d Cir.1986); *see* 19 U.S.C. § 1615.

Based on the record before me, I conclude that the Government has shown probable cause for a forfeiture. The vehicle was used to convey Delfo and claimant back to the apartment building where, two hours earlier, they had delivered a shoulder bag in which a bag of cocaine was subsequently found. Fingerprints from the third occupant, Oscar, were subsequently found on the bag of cocaine. While the vehicle circled the apartment building, the occupants looked into the lobby. Although drugs were not found in the vehicle, there are reasonable grounds to believe that the vehicle was used in connection with narcotics activity. *See Banco Cafetero Panama, supra,* 797 F.2d at 1160; *see, e.g., United States v. One 1974 Cadillac Eldorado Sedan,* 548 F.2d 421, 426 (2d Cir.1977) (use of vehicle to transport principals to either drug sale or meeting to discuss drug sale sufficient to warrant forfeiture).

The claimant thus bears the burden of proving that a forfeiture should not be decreed. Perhaps because the Government's summary judgment motion and accompanying papers referred solely to the probable cause issue, the parties have not addressed the issue of claimant's burden. Accordingly, it is hereby ORDERED that:

(1) The Government's motion for summary judgment is granted insofar as the Court concludes that there is probable cause for forfeiture of the defendant vehicle. *See* Fed.R.Civ.P. 56(d); and

(2) The parties are directed to appear before the Court for a status conference on Monday, December 7, 1987 at 9:30 a.m., to discuss further proceedings in this case.

SO ORDERED.