William ISAACS, et al., Plaintiffs,

v.

MID AMERICA BODY & EQUIPMENT COMPANY, Baker Equipment, a/k/a J.G.B. Industries, Inc., Defendants.

No. CV 89–1800.

United States District Court,
E.D. New York.

Oct. 6, 1989.

Daniels, Saltz & Mongeluzzi, Ltd. by Harry D. Hersh, Philadelphia, Pa., for plaintiffs.

Don F. Salkaln, Hauppauge, N.Y., for Baker Equipment.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This diversity lawsuit seeks damages for personal injuries and derivative damages brought on behalf of plaintiffs and their respective spouses. Named as defendants are Mid America Body & Equipment Company ("Mid America") and Baker Equipment, a/k/a J.G.B. Industries, Inc. ("Baker"). Presently before the Court is Baker's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons that follow, Baker's motion is granted.

I. *Background*

Plaintiffs allege serious personal injuries stemming from an accident that occurred while plaintiffs William Isaacs and George Jorgensen were working on or near a crane while installing water service to a private home for the Suffolk County Water Authority. The crane involved, stated to be manufactured by defendant Mid America, allegedly became energized as a result of coming into contact with electrical power-

lines, thereby causing the plaintiffs' alleged injuries.

Plaintiffs and their spouses commenced this lawsuit alleging causes of action based upon theories of strict product liability, negligence, and breach of warranty. Defendant Baker is alleged to be liable on the theory that it is a successor corporation to defendant Mid America.

Arguing that it has been wrongfully named in this lawsuit, Baker maintains that it is not a successor corporation to Mid America. Accordingly, Baker moves for summary judgment. After reviewing applicable legal standards, the Court will turn to the merits of Baker's motion.

## II. *Applicable Legal Standards*

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Donohue v. Windsor Locks Bd. of Fire Commissioners*, 834 F.2d 54, 57 (2d Cir.1987). *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." The moving party bears the burden of proving there is no issue as to any material fact, "and the Court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party." *Winant v. Carefree Pools*, 709 F.Supp. 57, 59 (E.D.N.Y.1989).

Rule 56 of the Federal Rules of Civil Procedure describes the form of affidavits to be submitted in connection with summary judgment motions. Specifically, Rule 56(e) of the Federal Rules for Civil Procedure requires that an affidavit in support of or in opposition to a motion for summary judgment "shall be made on personal knowledge...." Fed.R.Civ.P. 56(e); *see Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir.1988); *United States*

*v. One 1984 Ford Bronco*, 674 F.Supp. 424 (E.D.N.Y.1987). An affidavit made on secondhand information and hearsay is not made on the "personal knowledge" of the affiant for the purposes of Rule 56(e). *Sellers*, 842 F.2d at 643; *Chandler v. Coughlin*, 763 F.2d 110, 113–14 (2d Cir. 1985).

Rule 56(e) further requires that an affidavit made in support of or opposition to a motion for summary judgment "shall set forth such facts as would be admissible at trial." Fed.R.Civ.P. 56(e). The test is whether the affiant's statements "would be admissible in evidence under any rule of evidence or exception thereto, if the affiant was on the stand testifying ..." in court. 6 J. Moore Federal Practice par. 56.22[1] at 56–752 to 56–755 (2d ed. 1988) (footnote omitted), *Beyah v. Coughlin*, 789 F.2d 986, 989 (2d Cir.1986). Thus, when deciding a motion for summary judgment, the Court will not consider as evidence an affidavit based on inadmissible hearsay unless there is a showing that admissible evidence will be available at trial. *Sellers*, 842 F.2d at 643; *Beyah*, 789 F.2d at 989–90; *Burlington Coat Factors Wrhse. v. Esprit De Corp.*, 769 F.2d 919, 924 (2d Cir.1985); *United States v. One 1984 Ford Bronco*, 674 F.Supp. at 425–26.

A party opposing a motion for summary judgment may, under limited circumstances, be granted the opportunity to engage in discovery aimed at revealing facts that will defeat the summary judgment motion. *See* Fed.R.Civ.P. 56(f). The party seeking such discovery must file an affidavit explaining the following:

(1) the nature of the uncompleted discovery, *i.e.*, what facts are sought and how they are to be obtained; and

(2) how those facts are reasonably expected to create a genuine issue of material fact; and

(3) what efforts the affiant has made to obtain those facts; and

(4) why those efforts were unsuccessful.

*Burlington*, 769 F.2d at 926. An affidavit requesting more time for discovery will not

be given any weight if it does not contain the above specifications. *See id.; Wyler v. United States,* 725 F.2d 156, 160 (2d Cir. 1983). Accordingly, a " 'bare assertion' that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient to justify a denial of a motion for summary judgment under Rule 56(f) (citations omitted). Rule 56(f) cannot be relied upon to defeat a motion for summary judgment 'where the result of a continuance to obtain further information would be wholly speculative.' " *Contemporary Mission, Inc. v. U.S. Postal Service,* 648 F.2d 97, 107 (2d Cir.1981), *citing,* 6 J. Moore, Federal Practice par. 56.24 at 56–1438. *Accord Keebler v. Murray Bakery Products,* 866 F.2d 1386, 1389 (Fed.Cir. 1989) ("If all one had to do to obtain a grant of a Rule 56(f) motion were to allege possession by movant of 'certain information' and 'other evidence,' every summary judgment decision would have to be delayed while the non-movant goes fishing in the movant's files.") With these principles in mind, the Court turns to the case at bar.

III. *Discussion*

    A.   Defendant Baker's Motion for Summary Judgment

In support of its motion for summary judgment, defendant Baker submits an affidavit from the president of J.G.B. Industries (doing business as Baker), stating that Baker is not a successor corporation to defendant Mid America. In compliance with Rule 56(e), that affidavit is based upon personal knowledge and states that Baker has never had any connection or relationship with Mid America, either currently or in the past. Baker's president's affidavit further states that Baker never acquired any of Mid America's assets and property nor did it assume any of Mid America's obligations, liabilities, rights or duties. In view of this evidence, Baker claims there is no genuine issue for trial as to whether or not Baker is a successor corporation of Mid America.

■ In an attempt to create an issue of fact, plaintiffs submit the affidavit of their lawyer, Robert Mongeluzzi (the "Mongeluz-

zi Affidavit"). The Mongeluzzi Affidavit states the reason for naming Baker in plaintiffs' complaint. Specifically, plaintiffs' attorney states that he spoke with a woman referred to only by the name of "Joanne," prior to filing the complaint against Baker. Joanne is alleged to be an employee of Dejana Trucking Company, the entity that sold the crane at issue to plaintiffs' employer. According to Joanne, Baker is the successor corporation to Mid America.

Plaintiffs' reference to the alleged "Joanne" falls far short of the requirements of Rule 56. First, since neither Joanne nor her employer are parties to this action, the Mongeluzzi Affidavit is based on hearsay. As noted above, an affidavit based on such inadmissible evidence violates the rule requiring that affidavits submitted in connection with summary judgment motions be based on personal knowledge. Fed.R.Civ.P. 56(e); *Sellers,* 842 F.2d at 643 ("hearsay affidavit is not a substitute for the personal knowledge of a party"). Furthermore, "[a]n attorney's affidavit not made on his own personal knowledge of the facts, but merely stating what he believes or what he intends to prove at trial, does not measure up to the requirements of Rule 56(e)." 6 Moore's Federal Practice par. 56–22[1], at 56–570 (2d ed. 1988) (footnote omitted). *See United States v. One 1984 Ford Bronco,* 674 F.Supp. at 424–25. Since plaintiffs' attorney's affidavit fails to comply with Rule 56(e) the Court holds that it cannot be relied upon to create an issue of fact as to Baker's corporate status.

■ In the event that the Mongeluzzi Affidavit is deemed insufficient to defeat Baker's motion for summary judgment, plaintiffs seek a continuance to take discovery and depose witnesses who might have knowledge about Baker's alleged status as a successor corporation. Without these opportunities, plaintiffs believe that they lack sufficient evidence needed to defeat the defendant's motion for summary judgment. Once again, plaintiffs have failed to meet the standards imposed by Rule 56. As noted above, an affidavit seeking discovery to defeat a summary

judgment motion must allege specific reasons why the discovery is sought. *See Burlington*, 769 F.2d at 924–25; *Wyler*, 725 F.2d at 160. Here, plaintiffs generally ask to depose Baker's president and other nameless individuals without supplying any details justifying their request. It appears that plaintiffs seek discovery in the hopes that some information will appear. For instance, plaintiffs claim they want to depose Baker's president because they believe he has not been with the company long enough to know whether Baker is a successor corporation to Mid America. Nowhere do plaintiffs attempt to explain the basis for their suspicions. Such allegations amount to nothing more than a request for a license to embark on a fishing expedition and fall far short of the requirements of Rule 56(f). *See Burlington*, 769 F.2d at 925–27; *Wyler v. United States, supra*, 725 F.2d at 160; *Contemporary Mission, Inc.*, 648 F.2d at 107; *accord Keebler*, 866 F.2d at 1389–90. Under these circumstances, the Court declines to exercise its discretion to order a continuance to enable plaintiffs to take discovery.

## CONCLUSION

Baker's affidavit complies with Rule 56(e) and shows that Baker is not a successor corporation. Plaintiffs have failed to raise a genuine issue as to whether defendant Baker is a successor corporation to Mid America and they have failed to justify their request for further discovery. Accordingly, defendant's motion for summary judgment is granted.

SO ORDERED.