*1052 OPINION OF THE COURT
David B. Saxe, J.
Brigitte Gerney sustained severe injuries on May 30, 1983, when a crane, located at a midtown construction site toppled over and fell on Ms. Gerney, pinning her beneath it for six hours. Plaintiff sued 14 defendants alleging negligence and carelessness in the general maintenance of the construction site and specifically in the operation of the crane. Subsequently, one of the defendants, Richard Ricciardi, the crane’s operator, pleaded guilty to criminal assault in the second degree (Penal Law § 120.05). Another defendant, Thomas Crimmins Contracting Company (Crimmins), Ricciardi’s employer, was convicted of criminal assault in third degree and reckless endangerment in the second degree (Penal Law §§ 120.00, 120.20). Plaintiff has moved in this action for summary judgment pursuant to CPLR 3212 against defendant Ricciardi and defendant Crimmins under the doctrine of collateral estoppel.
At issue is whether Ricciardi’s guilty plea and Crimmins’ conviction stemming from the crane accident involving Ms. Gerney, collaterally estops Ricciardi and Crimmins from defending the issue of their liability in Gerney’s subsequent civil action based on negligence.
The doctrine of collateral estoppel precludes a party from relitigating an issue that has been decided against him in a prior proceeding in which he had a fair opportunity to fully litigate that issue. (Kaufman v Lilly & Co., 65 NY2d 449, 455 [1985].) Collateral estoppel is based upon general notions of fairness and is intended to reduce litigation and conserve the resources of the courts and the litigants.
In order to invoke the doctrine of collateral estoppel, two requirements must be satisfied: (1) the identical issues necessarily must have been decided in the prior action, and (2) the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination. (Kaufman v Lilly & Co., supra, 65 NY2d, at 456.)
With regard to the first requirement, there is no identity of issues between the present action and the prior proceeding if an issue has not been litigated. An issue is not actually litigated if: (1) there has been a default, (2) a confession of liability, (3) a failure to place a matter in issue by proper pleading, or (4) by stipulation (supra, 65 NY2d, at 456-457). *1053 Further, the issue must have been material to the first proceeding (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]).
As to the second requirement, if a party was not afforded a full and fair opportunity to litigate the decision now said to be controlling, he must be allowed to do so. In order to determine whether the party was provided a full and fair opportunity to litigate, the court must consider the " 'realities of the [prior] litigation’, including the context and other circumstances which, although not legal impediments, may have had the practical effect of discouraging or deterring a party from fully litigating the determination which is now asserted against him” (People v Plevy, 52 NY2d 58, 65 [1980]). Such circumstances might include: (1) the size of the claim, (2) the forum of prior litigation, (3) the use of initiative, (4) the extent of the litigation, (5) the competence and experience of counsel, (6) the availability of new evidence, (7) indications of a compromise verdict, (8) differences in the applicable law and (9) a foreseeability of future litigation. (Gilberg v Barbieri, 53 NY2d 285, 292 [1981].)
Increasingly, collateral estoppel has been invoked where the prior proceeding was a criminal case. "It is well recognized that there are rigorous safeguards imposed to insure against unjust conviction in a criminal action * * * and no injustice is committed when criminal defendants are estopped from relitigating issues determined in conformity with these safeguards.” (S. T. Grand, Inc. v City of New York, 32 NY2d 300, 304-305 [1973].)
Furthermore, if a party pleads guilty in a criminal proceeding, his plea is given the same preclusive effect under collateral estoppel, as if after extensive litigation, he was convicted by a jury. (Merchants Mut. Ins. Co. v Arzillo, 98 AD2d 495, 504 [2d Dept 1984].) Thus, a guilty plea may still satisfy the requirement of identity of issues. Although there has not been actual litigation of the essential issues and elements of the crime, the issues would have been necessarily judicially determined by the plea. Therefore the criminal conviction is conclusive proof of the underlying facts in a subsequent civil action and the defendant would be estopped from defending the issue of his liability. (Supra, 98 AD2d, at 505.)
In addition, a guilty plea satisfies the requirement of a full and fair opportunity to litigate. A defendant who knowingly and voluntarily pleads guilty to criminal charges has chosen not to "avail himself of the opportunity to contest the facts *1054 underlying the charge against him.” (Supra, 98 AD2d, at 506.) He must accept the consequences of his action and "should not expect the courts to look behind convictions based on such pleas in order to relieve them from adverse civil consequences which may follow. As long as the guilty plea stands, the defendant is guilty and cannot be heard to say otherwise.” (Supra, 98 AD2d, at 506.) Thus, a defendant who pleads guilty may be said to have had a full and fair opportunity to litigate the prior determination with regard to invoking the doctrine of collateral estoppel.
With regard to both Ricciardi and Crimmins, the first requirement for collateral estoppel is satisfied. The issue and facts examined in the prior criminal proceedings arose out of the same incident resulting in plaintiff’s injuries which forms the basis of the present civil action. Ricciardi contends that he pleaded guilty to the assault charges and because intent is a critical element of this crime, plaintiff’s civil action for negligence does not present identical issues.
The elements of a prima facie case in negligence include a legal duty, a breach of that duty, which is the proximate cause of the alleged injury, and actual loss or damage. The standard here is what a reasonable person would do under similar circumstances (Prosser and Keeton, Torts § 30 [5th ed]). Assault encompasses both intentional and reckless conduct in causing injury to another person. (Penal Law §§ 120.00, 120.05.)
Although there is a difference in terms of negligent and intentional conduct, the elements of negligence are clearly subsumed into the elements of assault. Ricciardi and Crimmins violated General Business Law § 482 which prohibits individuals from operating, and employers from knowingly permitting employees to operate cranes without a valid certificate of competence issued by the commissioner. "[T]o omit, willfully or heedlessly, the safeguards prescribed by law for the benefit of another that he may be preserved in life or limb, is to fall short of the standard of diligence to which those who live in organized society are under a duty to conform.” (Martin v Herzog, 228 NY 164, 168 [1920].) Thus "the unexcused violation of a statutory standard of care is negligence and can create liability if found to be a proximate cause of the accident” (Cordero v City of New York, 112 AD2d 914, 916 [2d Dept 1985], citing Martin v Herzog, supra).
The Board of Inquiry report sets forth the details of the *1055 accident. Ricciardi was not licensed to operate a crane; in fact he was on the construction site for Crimmins as a compressor operator only. Further, when called upon by Crimmins to operate the crane, Ricciardi set the crane in such a position that it could not lift the substantial weight required of it and as a result the crane toppled over. The report concludes that Ricciardi operated the crane in a reckless and dangerous manner, certainly contrary to the criteria of both the manufacturer and the Department of Buildings. Because Ricciardi was unlicensed to operate a crane and was unable to handle it properly, his improper use of the crane caused it to fall over onto plaintiff. Proper operation would have enabled the crane to lift the weight. Thus his negligent actions were the proximate cause of her injuries.
So, the elements of negligence are satisfied as they are subsumed into the requirements for an assault charge. So, these differing causes of action are not an impediment to the satisfaction of the identity of issues requirement for collateral estoppel.
As to the second requirement, Ricciardi and Crimmins both had a full and fair opportunity to litigate the issues presented in the prior criminal proceedings. Therefore they are precluded from relitigating these issues under the doctrine of collateral estoppel.
Ricciardi contends that because he pleaded guilty to assault in the second degree, he was not afforded a full and fair opportunity to litigate the issue of his guilt. He alleges that he was discouraged from going ahead with the trial based on the fact that he wished to avoid a full-length trial that would subject him to "intense public embarrassment and scrutiny” as well as "psychological pressure and financial cost” on himself and his family. Although the court must consider the " 'realities of the [prior] litigation’ ” (People v Plevy, 52 NY2d 58, 65, supra), the impediments described by Ricciardi are not sufficient to show that he was not afforded the opportunity to fully and fairly litigate his case.
The transcript of the prior criminal proceeding involving Ricciardi indicates that he knowingly and voluntarily pleaded guilty. Ricciardi chose not to contest the charge against him and he must accept the consequences of his guilty plea. (Merchants Mut. Ins. Co. v Arzillo, 98 AD2d 495, 506, supra.) Therefore the validity of his guilty plea establishes that he was afforded the opportunity to fully and fairly litigate the *1056 issue of his guilt and thus the second requirement of collateral estoppel is satisfied as to Ricciardi.
With regard to Crimmins, the second requirement is satisfied by his conviction by a jury in the prior criminal proceeding. Crimmins contends that he was not afforded a full and fair opportunity to litigate the issue of his guilt because Lino Palmieri, the foreman on the day of the accident, did not testify at Crimmins’ trial. However, 32 witnesses did testify and their testimony enabled the jury to find Crimmins guilty on the charge of assault and reckless endangerment. Taking into account the safeguards in force in criminal proceedings, there is no indication that Crimmins was not afforded a full and fair opportunity to litigate. Thus Crimmins’ conviction in the prior criminal proceeding serves to satisfy the second requirement necessary to invoke the doctrine of collateral estoppel.
With both requirements of collateral estoppel satisfied as to Ricciardi and Crimmins, no triable issue of fact exists as to their liability in plaintiff’s civil action. Therefore, plaintiff’s motion for summary judgment is granted.