**John A. BURKS, Sr., Plaintiff,**

**v.**

**Joseph V. JAKUBOWSKI, Florio A. Vitullo, Beatrice L. Hoffman, Cynthia Smith and Brenda M. Tullis, Defendants.**

**No. 90–CV–614.**

United States District Court,
N.D. New York.

May 7, 1993.

Memorandum—Decision and
Order June 23, 1993.

John A. Burks, Sr., pro se.

Robert Abrams, Atty. Gen., Albany, NY (David B. Roberts, Asst. Atty. Gen., of counsel), for defendants Jakubowski and Vitullo.

Beatrice L. Hoffman, pro se.

Cynthia Smith, pro se.

Brenda M. Tullis, pro se.

Willard R. Pratt, III, Vernon, NY (of counsel), for defendant Cynthia Smith.

## MEMORANDUM–DECISION AND ORDER

McCURN, Senior District Judge.

### BACKGROUND

Plaintiff John Burks alleges that he was harrassed as a result of complaints filed by several of his employees with the Utica office of the Department of Labor ("Department") between March and June of 1989. Plaintiff's former employees, who are named as defendants in this action, alleged in those complaints[1] that plaintiff failed to pay them wages in accordance with the agreed terms of employment. On April 13, 1989, the Department sent plaintiff its first collection letter[2] in response to complaints filed by two of

---

1. Those complaints were variously filed against the plaintiff John A. Burks, Sr., "Aaron Consulting Services, Inc," "Aaron Consulting Services" or "Coordinated Properties, Inc." Burks is purportedly the owner/chairman or managing director of these companies.

2. By way of background, defendant Joseph Jakubowski, Senior Labor Standards Investigator with the Department, summarizes the Department's general procedure regarding unpaid wage complaints as follows:

When a complaint is received, it is evaluated by an investigator, who interviews the employee(s) to assess whether there is cause to believe that the claim for unpaid wages has merit. If so, a collection letter is generated and sent to the employer. If the employer fails to respond, a second collection letter is sent. If the employer responds to either letter, the investigator interviews or evaluates the response of the employer and determines whether to close the case or continue. Where it appears that the

his employees, Laureen Williams and Cynthia June Smith. The collection letter specifically advised plaintiff Burks that if he disputed the amount due to those former employees, he must submit a "full statement . . . explaining why this amount is not due and payable to the claimants." Defendants' exh. F. The Department's Utica office did not receive a response to this letter. Jakubowski Affidavit at ¶ 12.

Around May 9, 1989, the Department sent plaintiff a second collection letter concerning the complaints of Ms. Smith and Ms. Williams advising him in part that:

> Article VI of the New York Labor Law specifies that failure to pay an agreed wage and/or supplement is a misdemeanor, and such situations fall within this department's civil/criminal jurisdiction of the New York State Labor Law. Under the Law, employers and officers and agents of a corporation are personally responsible for the failure of a business entity to pay wages and a non-operating status does not relieve the responsible parties of the liability arising from the failure to pay wages.

Defendants' exh. G. The letter demanded a reply by May 30, 1989.

On May 9, 1989, plaintiff was sent another first collection letter nearly identical to that sent in connection with Ms. Smith and Ms. Williams. This letter related to complaints for unpaid wages filed by two other defendant employees, Beatrice Hoffman and Brenda Tullis. Defendants' exh. H. As with the first collection letter sent in connection with Williams and Smith, the Department's Utica office again did not receive any response to this letter. Jakubowski Affidavit at ¶ 14.

In accordance with Department procedure, on May 24, 1989, plaintiff was sent a second collection letter concerning the complaints filed by Ms. Hoffman and Ms. Tullis. Defendants' exh. I. A day later, on May 25, 1989, plaintiff was sent a first collection letter in response to a complaint for unpaid wages filed by yet another defendant employee, Lisa DesGrosielliers. Defendants' exh. J. Plaintiff finally responded to all of these collection letters on June 7, 1989 in the form of three separate letters. In those letters, plaintiff described himself as the "Managing Director" of Aaron Consulting Services, Inc. and asserted that his firm did not owe any of the complaining employees unpaid wages, since they were independent contractors. Defendants' exh. K.

A compliance conference[3] was scheduled on August 30, 1989, to address the unpaid wage complaints filed against plaintiff by the above named employees. Defendants' exh. L. At the conference, plaintiff reasserted that those employees were independent contractors and thus were not owed any wages. He further claimed that he had documentation to prove this. Therefore, plaintiff was given until September 13, 1989, to submit that supporting documentation. The plaintiff failed, however, to submit any documentation by the designated date. Thus on November 22, 1989, the Department issued an order to plaintiff requiring him to comply with a schedule to pay unpaid wages to those employees who had filed complaints with the Department.[4] Defendants' exh. O. The notice accompanying the orders to comply, advised plaintiff to send a check or money order, payable to the Commissioner of Labor, for the amount due including interest and penalties, which totalled $2,916.16. Plaintiff was given sixty days to appeal this order to the Industrial Board of Appeals

---

unpaid wage claim may have merit, a notice is sent to the employer scheduling a compliance conference.

Affidavit of Joseph Jakubowski (Oct. 8, 1992) at ¶ 4.

3. A compliance conference is "an informal proceeding where both the employee and employer are permitted to give an oral presentation and to submit documents in support of their respective positions. The conference is administered by a compliance conference officer, who issues a recommendation, to the Director of Labor Stan-

dards, who acts as the Commissioner of Labor's designee." Jakubowski Affidavit at ¶ 5.

4. The orders to comply, together with schedules of unpaid wages, were issued to John Burks "trading as" Aaron Consulting Services, Inc., because a Department inquiry revealed that the New York State Department of State did not have a record of incorporation under "Aaron Consulting Services, Inc." In addition the Oneida County Clerk's office did not have a filing under that name. Jakubowski Affidavit at ¶ 23, n. 1.

pursuant to section 101 of the New York Labor Law. Defendants' exh. O. Significantly, plaintiff did not timely file such an appeal.

The Department's Division of Labor Standards then prepared a prosecution recommendation, consisting of the orders to comply, the compliance conference report, supporting depositions signed by the complainants, and a February 5, 1990 inter-office memorandum. The prosecution recommendation was transmitted to the New York Attorney General's Office which prepared a criminal information. On April 3, 1990, defendant Jakubowski signed and swore to the criminal information charging plaintiff with five counts of violating section 191(1)(d) of New York's Labor Law.[5] Defendants' exh. Q. On January 31, 1992, while being represented by counsel, plaintiff pleaded guilty in the City Court of Rome, New York to the five counts alleged in the criminal information. *See* Defendants' exh. R (transcript of plea).

Before turning to the merits of defendants' motion, the court will review the somewhat twisted procedural history of this case to clarify which of the numerous defendants originally named in this action are still proper parties hereto. Plaintiff initiated this action on June 4, 1990, naming the following state employees as defendants: Director of the Division of Labor Standards, Richard Polsinello; Supervising Labor Standards Investigator, Diane Fiano; Senior Labor Standards Investigator, Joseph Jakubowski; Division of Labor Standards Supervisor, Michael Java; and the Department's Assistant Commissioner for Labor, Florio Vitullo. Plaintiff also named as defendants a number of his former employees who had complained

to the Department about his failure to pay wages: Beatrice Hoffman, Cynthia Smith, Brenda Tullis, Lisa Desgrosielliers, Laura Hartmark, Laureen Williams, Cindy Fregin, and Christina Risi. Finally, plaintiff named the New York State Department of Labor, Division of Labor Standards, and the State of New York as defendants. Only Brenda Tullis, Joseph Jakubowski, Florio Vitullo and Cynthia Smith answered that complaint. On November 28, 1990, pursuant to Fed.R.Civ.P. 4(j)[6], the court dismissed this action as to Richard Polsinello, Diane Fiano, Michael Java, Lisa Desgrosielliers, Laura Hartmark, Laureen Williams, Cindy Fregin, Christina Risi, and the New York State Department of Labor. Docket entry 11. On December 18, 1990, plaintiff filed a notice of appeal from that order. Docket entry 12. However on April 29, 1991, plaintiff's appeal was dismissed for lack of appellate jurisdiction. Docket entry 19.

Defendants Jakubowski and Vitullo moved for summary judgment on October 19, 1992, but before considering that motion, on November 24, 1992, the court pursuant to Local Rule 11 dismissed the complaint for failure to prosecute.[7] In light of that order, the summary judgment motion by Jakubowski and Vitullo was rendered moot. Docket entry 27.

Plaintiff then moved to vacate the court's November 24, 1992 order dismissing the complaint. The court granted that motion and on February 5, 1993, the court reinstated the motion for summary judgment by Jakubowski and Vitullo and directed that it be taken on a submit basis. The end result is that there are now only five of the original defendants left in this action: Joseph Jaku-

---

5. That statute requires that, "[a] clerical and other worker shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer." N.Y. Labor Law § 191(1)(d) (McKinney 1986).

6. Basically that rule requires that a summons and complaint be served within 120 days after the filing of the complaint, and the action will be dismissed unless that is done. "Good cause" may excuse compliance with that 120 day time frame for service.

7. Local Rule 11 entitled "Dismissal for Want of Prosecution" states:

> Civil causes in which no action has been taken for more than one year may be called for review upon not less than fifteen (15) days notice by mail addressed to the attorneys of record, or to the parties if appearing *pro se*. The Court may thereupon enter an order dismissing the cause for want of prosecution, or continuing it, or may make such order as justice may require.

N.D.N.Y. Local Rule 11.

bowski, Florio Vitullo, Beatrice Hoffman [8], Cynthia Smith [9], and Brenda Tullis.

In bringing this lawsuit under 42 U.S.C. §§ 1983, 1985, and 1986, plaintiff accuses his former employees of filing "false wage claims." Complaint at 4. Plaintiff further accuses the state defendants of "ignoring plaintiff's demands for his constitutional rights" including his First Amendment and due process rights. *Id.* at 5. Finally, plaintiff believes that his former employees have organized "a conspiracy to falsely accuse plaintiff of non payment of wages". Plaintiff's Memorandum of Law at 5. Despite his plea of guilty, plaintiff is now claiming that he does not owe wages to any of the defendant employees. Plaintiff also claims that he has been harassed by the complaints of his former employees, as well as by the remedial procedures instituted by the Department of Labor and the State.

On this summary judgment motion, defendants Jakobowski and Vittulo contend that by his guilty plea plaintiff is collaterally estopped from relitigating in this action the issue of his failure to pay wages. They further argue that plaintiff's claim of denial of due process is unwarranted since the collection letters and the compliance conference provided plaintiff with reasonable notice and an opportunity to be heard. Finally, defendants Jakubowski and Vitullo contend that they are entitled to qualified, good faith immunity since the Department's procedures did not violate clearly established law.

Plaintiff responds by arguing that he should not be collaterally estopped from relitigating the issue of his failure to pay wages because the issues are not the same, and he was never given a full and fair opportunity to litigate that issue in the state court criminal proceeding. Additionally, although plaintiff's complaint is not the model of clarity, it appears that he is also contending that his due process rights were violated somehow because he could no longer contract with his former employees. Finally, plaintiff argues that the state defendants are not entitled to qualified immunity because they acted in bad faith.

## DISCUSSION

### I. Collateral Estoppel

The court will first address the defendants' collateral estoppel argument, because if they are successful on that argument, then obviously there will be no need to consider the other arguments raised by defendants in support of their summary judgment motion. As the Supreme Court recognized in *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), "[i]t is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Id.* at 81, 104 S.Ct. at 896. This court must therefore apply New York law in ascertaining the preclusive effect, if any, of plaintiff Burk's state court guilty plea upon this subsequent civil litigation.

■ The doctrine of collateral estoppel prevents a party from relitigating an issue of fact or law that has been decided in an earlier action. *Metromedia Co. v. Fugazy*, 983 F.2d 350 (2d Cir.1992). The Supreme Court has squarely held that collateral estoppel applies to a plaintiff in a section 1983 action who attempts to relitigate in federal court issues already decided against him or her in a state criminal proceeding. *Allen v. McCurry*, 449 U.S. 90, 102, 101 S.Ct. 411, 419, 66 L.Ed.2d 308 (1980). The Supreme Court in *Allen* found, *inter alia*, nothing in the legislative history to section 1983 which evinces any purpose to "afford less deference to judgments in state criminal proceedings than to those in state civil proceedings." *Id.* at 104, 101 S.Ct. at 420 (footnote omitted).

---

**8.** Beatrice Hoffman did not file an answer and since plaintiff has not moved for a default judgment against her, she remains a defendant in this action.

**9.** Cynthia Smith's attorney, Willard Pratt, has notified the court that she wishes to proceed *pro se*, Letter of Mr. Willard Pratt (April 17, 1992); he has never formally withdrawn as counsel for Ms. Smith, however. Therefore, as far as the court is concerned, he is still the attorney of record for Ms. Smith in this matter.

■ Two requirements must be satisfied before a party is entitled to invoke the collateral estoppel doctrine in New York, and those were articulated in the seminal case of *Schwartz v. Pub. Adm'r of Bronx.* 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955, 960, 246 N.E.2d 725, 729–30 (1969). First there must be an identity of issues which were necessarily decided in the prior action. *Id.* Second, the party precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination. *Id.; see also Kaufman v. Eli Lilly and Company,* 65 N.Y.2d 449, 456, 492 N.Y.S.2d 584, 588, 482 N.E.2d 63, 67 (1985) (citation omitted); *Ryan v. New York Tel. Co.,* 62 N.Y.2d 494, 500–02, 478 N.Y.S.2d 823, 826–27, 467 N.E.2d 487, 490–91 (1984). "The party seeking the benefit of collateral estoppel bears the burden of proving the identity of the issues, while the party challenging its application bears the burden of showing that he or she did not have a full and fair opportunity to adjudicate the claims involving those issues." *Khandhar v. Elfenbein,* 943 F.2d 244, 247 (2d Cir. 1991) (citing *Kaufman,* 65 N.Y.2d at 456, 492 N.Y.S.2d at 588, 482 N.E.2d at 67) (other citation omitted).

■ With respect to the first *Schwartz* factor, it should be noted that "[a] guilty plea is accorded the same preclusive effect in a subsequent civil proceeding as is a conviction after trial, which conclusively establishes the underlying facts in a subsequent action." *U.S. v. Private Sanitation Industry Ass'n,* 811 F.Supp. 808, 813 (E.D.N.Y.1992). Thus a guilty plea may satisfy the identity of issues requirement. *Gerney v. Tishman Const. Corp.,* 136 Misc.2d 1051, 1053, 518 N.Y.S.2d 564, 567 (Sup.Ct.N.Y.Co.1987). That is so because even though "there has not been actual litigation of the essential issues and elements of the crime, the issues would have been necessarily judicially determined by the plea." *Id.* Thus, as the court soundly reasoned in *Gerney:*

> He [the defendant] must accept the consequences of his action and 'should not expect the courts to look behind convictions based on such pleas in order to relieve them from adverse civil consequences which may follow. As long as the guilty

plea stands, the defendant is guilty and cannot be heard to say otherwise.' *Id.* (quoting *Merchants Mut. Ins. Co. v. Arzillo,* 98 A.D.2d 495, 506, 472 N.Y.S.2d 97 (2nd Dep't 1984)).

As the foregoing makes clear, the first requirement of collateral estoppel is satisfied here, because plaintiff Burks seeks to litigate an issue to which he has already pleaded guilty. Plaintiff argues, however, that the identity of issues requirement has not been met because he is alleging conspiracy and harassment as a result of the wage dispute. The court rejects that contention, however, because although the conspiracy and harassment claims were not decided in the prior criminal proceeding, the issue of plaintiff's failure to pay wages to the defendant employees, which is a necessary factual predicate to plaintiff's claims herein, was conclusively decided in the state court proceeding. In entering a guilty plea to five counts of failure to pay his employees' wages, plaintiff Burks specifically admitted that he failed to pay those wages. Defendants' exh. R. at 4–5. Moreover, plaintiff now concedes that "the merits of this claim [conspiracy and harassment] turn on whether the statements accusing plaintiff of non-payment of wage were true...." Plaintiff's Memorandum in Opposition to Defendants Summary Judgment Motion at 8. Thus under *Schwartz* and its progeny, the first requirement of collateral estoppel has been established.

■ As to the second *Schwartz* requirement, plaintiff contends that the moving defendants are not entitled to rely upon the collateral estoppel doctrine because he did not have a full and fair opportunity to litigate in state court the issue of whether he owed the defendant employees unpaid wages. New York courts have held, however, that "a defendant who knowingly and voluntarily enters a guilty plea has had a 'full and fair opportunity' to litigate the facts underlying his conviction because he 'has chosen not to avail himself of the opportunity to contest th[ose] facts ... [and] [h]e must accept the consequences of his action.'" *Private Sanitation,* 811 F.Supp. at 814 (quoting *Gerney,* 518 N.Y.S.2d at 567) (quoting in turn *Merchants Mut., supra,* 98 A.D.2d at 506, 472

N.Y.S.2d 97). Therefore, in the present case, plaintiff's knowing and voluntary guilty plea, as fully set forth in the record on this motion, manifests that he had a full and fair opportunity to litigate the issues underlying his conviction, including the determinative issue of whether he failed to pay wages to the defendant employees. *See* Defendants' exh. R. Plaintiff's assertion now that he "tried to defend against the allegations made against him for non payment of wages" in the state court proceeding is belied by the transcript of the hearing at which he pleaded guilty. At the time the plea was entered, plaintiff unequivocally gave up his right to a trial and then went on to admit, in response to questions from the state court judge, that he had failed to pay the defendant employees the wages to which they were entitled. *Id.* at 2–5.[10] Consequently, plaintiff has failed to meet his burden of convincing the court that he did not have a full and fair opportunity to adjudicate the wage issue; and thus the second *Schwartz* requirement is also met here.

Based on the foregoing, the moving defendants, Jakubowski and Vitullo, are entitled to summary judgment dismissing the complaint as against them. The court has one final observation. Because the court sees no reason why the collateral estoppel argument outlined above would not apply with equal force to the non-moving defendants, it would also be inclined to *sua sponte* grant summary judgment in their favor. It will not do so at this juncture, though, so as to give plaintiff Burks ample notice of the court's intention in this regard. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) ("district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice"); *see also Scottish Air Intern. v. British Caledonian Group,* 945 F.2d 53, 55 (2d Cir.1991) (district court's *sua sponte* grant of summary judgment reversed where there was no suggestion in record that plaintiffs had adequate notice of possibility of entry of summary judgment). Therefore, plaintiff is hereby advised that he has thirty (30) days from the date of entry of this order in which to file with the court and serve on opposing counsel and the *pro se* defendants any papers which he deems responsive to the issue of whether the non-moving defendants are entitled to summary judgment on collateral estoppel grounds. After that, the court will issue an order granting or denying summary judgment with respect to the remaining defendants, Beatrice L. Hoffman, Cynthia J. Smith and Brenda M. Tullis.

In the meantime, the motion for summary judgment by the defendants, Joseph Jakubowski and Florio Vitullo, is hereby GRANTED; and in accordance with Fed.R.Civ.P. 54(b), the clerk is hereby directed to enter judgment accordingly.

IT IS SO ORDERED.

## MEMORANDUM–DECISION AND ORDER

### June 23, 1993

By Memorandum–Decision and Order filed May 7, 1993, this court granted the motion for summary judgment by the defendants, Joseph Jakubowski and Florio Vitullo. In that decision, the court specifically advised the plaintiff, John A. Burks, Sr., that he had thirty days from the entry thereof in which to "file with the court and serve on opposing counsel and the *pro se* defendants any papers which he deems responsive to the issue of whether the non-moving defendants are entitled to summary judgment on collateral estoppel grounds." *Burks v. Jakubowski,* 837 F.Supp. 48, 54 (N.D.N.Y.1993). In that decision the plaintiff was advised further that after that time had passed, the court would issue an order granting or denying summary judgment, as it deemed appropriate, as to the remaining non-moving defendants. *Id.*

Plaintiff has filed no additional papers in this action, and the thirty days in which plaintiff had to do so has since passed. Therefore, *sua sponte,* the court is now granting summary judgment with respect to

---

10. There is no suggestion by plaintiff that he was not represented by competent counsel during the state court criminal proceeding; and it certainly appears from the transcript of the plea entry that plaintiff's counsel there conducted himself in a professional and competent manner.

the remaining defendants, Beatrice L. Hoffman, Cynthia J. Smith and Brenda Tullis. Those defendants are entitled to summary judgment at this juncture based upon the doctrine of collateral estoppel, as fully discussed in the court's May 6, 1993 decision. *See id.* 837 F.Supp. at 52–54. In light of the foregoing, the Clerk of the Court is hereby directed to enter judgment in favor of the defendants, Beatrice L. Hoffman, Cynthia J. Smith and Brenda Tullis and to close this file.

IT IS SO ORDERED.