Paul J. Widlitz, J.
The defendant Carmen De Cabia seeks leave to withdraw his plea of not guilty so as to enable him to demur to the sufficiency of the indictment. The fact that the said defendant is now represented by counsel other than the one who represented him at his arraignment dictates the granting of permission to withdraw the existing plea. The attention of the court is now directed to that part of defendant’s application which demurs to the sufficiency of the indictment. The written demurrer annexed to the moving papers states that the facts alleged in the indictment do not constitute a crime.
The indictment charges a violation of section 580 of the Penal Law in that the 10 defendants, of whom the applicant herein is one, each aiding and abetting the other, unlawfully conspired to commit the crime of bribing a public officer, namely, the supervisor of the Town of Oyster Bay. It is alleged that the defendants agreed to give to said official the approximate sum of $1,105 *924 to induce him to refrain from any official action which would tend to initiate the operation of a public garbage district of the Town of Oyster Bay and thus permit the defendants, who were engaged in the business of private sanitation collection in said area, to continue their business without public interference.
In furtherance of this conspiracy, the indictment alleges two overt acts:
“ 1) That the said defendants agreed and planned to give to said public official 40^5 per house and that they met, conversed and agreed and planned that they would give, and that defendant Carmen DeCabia would act as agent for the said co-conspirators, and thus induce said official to delay action on the operation of a public garbage district;
“ 2) That during the month of December, 1955 defendants Ugolini and Buffa gave DeCabia $280.00; Aniello and Ferrante gave him $380.00; Napolitano gave him $320.00; N. and V. Conte gave him $140.00; Ruggiero gave him $85.00; and Fasula gave him an unknown amount, which sums were received and accepted by DeCabia in pursuance and furtherance of the aforesaid agreement.”
The indictment is assailed on the ground that the elements of the crime of conspiracy are not sufficiently alleged since the overt acts set forth therein do not meet the statutory requirement that the overt acts constitute acts outside of the conspiracy in furtherance of the objective of the conspiracy.
Section 583 of the Penal Law modified the common law with respect to conspiracy by requiring, in addition to the initial plot to commit an unlawful act, an overt act in furtherance thereof. Thus, in the proof of criminal conspiracy, as defined by this section, two necessary elements must be alleged and proven: 1) the unlawful agreement and 2) an overt act done by one or more of the parties to effect its object (People v. Tavormina, 257 N. Y. 84; People v. Collins, 234 N. Y. 355; People v. Flack, 125 N. Y. 324). The overt act must be a subsequent, independent act following the conspiracy and done to further the object thereof (15 C. J. S., Conspiracy, p. 1068).
The object of the statute is accomplished when it is shown that the parties have proceeded to act upon the unlawful agreement (People v. Sheldon, 139 N. Y. 251).
The first overt act alleged in the indictment amounts to the conspiracy itself. Looking toward action in the future, it could not. be considered such a subsequent overt act as would tend to flow from the unlawful agreement and tend to carry out the object of the conspiracy (People v. Hines, 168 Misc. 453, affd. 258 App. Div. 466, mod. 264 N. Y. 93), and if this were the only *925 overt act alleged in the indictment, the demurrer would properly be sustained.
The second act alleged in the indictment conforms to the requirements of section 583 of the Penal Law. Here it is alleged that each of the codefendants gave to De Cabia a sum of money to be used by him for the proposed bribe. Thus, we have the allegation of a subsequent, independent, overt act following an unlawful agreement. The defendant relies heavily upon People v. Hines (supra) for support. Hines was paid to obtain police protection for an extensive policy racket and was indicted for conspiracy, the overt act allegedly being that Hines had accepted from his co-conspirators a sum of money for his services. The trial court held that the acceptance of said moneys by Hines was not an overt act as contemplated by section 583 of the Penal Law but rather " something done as a part of the agreement to cement the conspiracy ” (p. 457). In effect, Hines received the money as a quid pro quo and is to be distinguished from the allegations under discussion here. There was no sealing of a bargain with De Cabia by the other conspirators but rather the money allegedly was received for purposes of carrying out and furthering the unlawful agreement already entered into by all parties concerned.
The indictment specifically states “ said currency was given and received and accepted by said defendant Carmen De Cabia, in pursuance and furtherance of the aforesaid corrupt agreement and to effect the objects thereof.”
Accordingly, the demurrer is disallowed and the defendant is directed to appear before this court for purposes of pleading to the indictment on or before the 25th day of April, 1958.