**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**PRIVATE SANITATION INDUSTRY AS-**
**SOCIATION OF NASSAU/SUFFOLK,**
**INC., et al., Defendants,**

**Salvatore Avellino, Jr., Defendant–**
**Appellant.**

**No. 1511, Docket 93–6024.**

United States Court of Appeals,
Second Circuit.

Argued May 20, 1993.

Decided June 10, 1993.

Brian D. Linder, New York City (Gallop, Dawson, Clayman & Rosenberg, New York City, of counsel), for defendant-appellant.

Joseph D. McCann, Asst. U.S. Atty. for the E.D. of N.Y., Brooklyn, NY, (Mary Jo White, U.S. Atty., for the E.D. of N.Y., Brooklyn, NY, Robert L. Begleiter, Deborah B. Zwany, Paul Weinstein, Asst. U.S. Attys., Stacy Caplow, Sp. Asst. U.S. Atty., Brooklyn, NY, of counsel), for plaintiff-appellee.

Before: WINTER and JACOBS, Circuit Judges, and STEWART, District Judge.*

PER CURIAM:

Salvatore Avellino, Jr. appeals from Judge Glasser's order granting the government's motion for partial summary judgment against him for controlling Long Island's carting industry in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* (1988 & Supp. III 1991) 811 F.Supp. 808. The court enjoined Avellino from various activities, including "participating directly or indirectly in the carting industry" and associating with his co-defendants or with "known members and

---

* The Honorable Charles E. Stewart, Senior United States District Judge for the Southern District of New York, sitting by designation.

associates of organized crime for any commercial purpose."

Avellino is one of more than one hundred defendants in this large civil RICO action. In opposing the government's motion for a partial summary judgment motion, Avellino repeatedly invoked his Fifth Amendment privilege against self-incrimination. He also requested a continuance under Fed.R.Civ.P. 56(f), which was denied.

On appeal, Avellino argues that: (1) the government failed to establish the commission of two racketeering acts, (2) the court abused its discretion in denying his request for a continuance, and (3) the injunctive relief was improper on various grounds.

■ His first contention, that the government failed to establish the requisite two racketeering acts under 18 U.S.C. § 1961(1)(A) because there is a genuine issue of fact regarding the bribery racketeering act, is meritless. The government submitted evidence that included Avellino's express admission in a plea allocution to bribery conspiracy, an $800 check, an entry in a cash disbursement journal authorizing the check, and the trial testimony of government informants. Also, an inference may be drawn from his failure to testify in the present proceeding. This evidence is so overwhelming that "there is no genuine issue as to any material fact," and the government was "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see, e.g., Leon v. Murphy, 988 F.2d 303, 308 (2d Cir.1993).

Indeed, Avellino's only proffer in response is an unsupported argument that the evidence does not establish that he committed the crime prior to the corrupt acts by local officials. However, this contention is based solely on evidence that Avellino was concerned about being double-billed, not that he agreed to offer money only after the corrupt officials had taken the desired actions. In no way, therefore, does that evidence rebut the evidence described above.

■ Second, he argues that the district court abused its discretion in denying his request for a continuance to conduct discovery pursuant to Rule 56(f) before the court entertained the motion for summary judgment. The court has discretion whether or not to grant a continuance. Fed.R.Civ.P. 56(f) ("the court ... may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had"); Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 925 (2d Cir. 1985) (reversing district court only for abuse of discretion). There was no abuse of discretion here. The long initial delay in discovery was in fact requested by the defendants, including Avellino. Moreover, Avellino never described in specific terms evidence that might be forthcoming and would demonstrate that a genuine issue actually existed. See id. at 926 (listing four requirements); Hudson River Sloop Clearwater, Inc. v. Department of the Navy, 891 F.2d 414, 422 (2d Cir.1989) (same). Instead, he submitted am affidavit by his counsel that only speculated about what further discovery might reveal.

■ Third, Avellino challenges the court's injunctive relief on three grounds. He argues that: (1) it was not warranted by the record, (2) it was beyond the scope of RICO's civil remedies, and (3) it infringed upon his associational rights. We disagree. The evidence in the instant matter was compelling and warranted the relief given. Section 1964(a) authorizes courts "to prevent and restrain violations of [RICO] by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in the enterprise [or] imposing reasonable restrictions on the future activities or investments of any person...." 18 U.S.C. § 1964(a). The statute grants courts broad discretion and latitude in enjoining violators from activities that might lead to future violations. See United States v. Bonanno Organized Crime Family of La Cosa Nostra, 683 F.Supp. 1411, 1441, 1448 (E.D.N.Y.1988), aff'd, 879 F.2d 20 (2d Cir.1989). The injunctions in the instant matter did not exceed the scope of that authority. Finally, the prohibition on associating with known criminals or other defendants for commercial purposes does not violate Avellino's First Amendment associational rights. See United States v. International Bhd. of Teamsters, 941 F.2d 1292, 1297 (2d Cir.1991) (curtailing associational rights per-

missible "to further significant governmental interests"), *cert. denied,* — U.S. ——, 112 S.Ct. 1161, 117 L.Ed.2d 408 (1992); *cf. Bonanno, supra,* at 1441–42 (upholding five-year injunction against some associations because challenge was premature).

We therefore affirm.