**UNITED STATES of America, Plaintiff,**

v.

**PRIVATE SANITATION INDUSTRY ASSOCIATION OF NASSAU/SUFFOLK, INC., et al., Defendants.**

No. CV–89–1848.

United States District Court, E.D. New York.

Oct. 13, 1994.

Paul A. Batista, New York City, for Vincent Maggio, Unique Sanitation Corp., Maggio's M & P Carting, U–Need–A–Roll–Off Corp., Joseph Ferrante, Nicholas Ferrante, Bonsera, Inc., d/b/a Star, Joseph Bonsera, Michael Bonsera.

Fred P. Bennett, Melville, New York, for David Pamlanye, Steven Pamlanye.

Warren M. Berger, Commack, New York, for Ciano & Sons, Richard Ciano.

Judd Burstein, New York City, for Frank Notarantonio, Joseph Petrizzo, Robert Renna, Ace Garbage & Rubbish, Mets Roll–Off Service, Inc., Prudential Waste Disposal, TWA Sanitation, John Pagano.

Cohen, Weiss & Simon, Richard M. Seltzer, Joseph J. Vitale, New York City, for Local 813.

Paul F. Corcoran, Davis & Gilbert, New York City, for Detail Carting, Thomas Ronga.

Richard H. Cunningham, Kevin Fitzgerald, Smithtown, New York, for Ever Ready Sanitation, Sun Carting, James Winters, Glen Vilchek.

Brian D. Linder, Gallop Dawson & Clayman, New York City, for SSC Corporation, Salem Sanitary Carting, Salvatore Avellino, Michael Malena.

Peter J. Driscoll, Driscoll & Redlich, New York City, for Private Sanitation, C & C Refuse Carting, Glenn Thweatte, Hickey's Carting, Inc., Dennis Hickey, Allen Vesting.

James Druker, Garden City, New York, for V & J Rubbish Removal, James Allesandria.

James T. Gucciardo, Huntington, New York, for Harbor Carting, Raniero Colotosti.

Richard A. Miller, Miller & Skubik, Islandia, New York, for Enviro Carting, MCM Sanitation, Charles Cannizzaro, Anthony Miello.

Leonard Halpern, Halpern & Zuckerman, Bay Shore, New York, for Comet Carting, John Maratea.

Hoffman & Pollok, New York City, for A.A. & M. Carting Service, Michael Acquafredda.

George Lasch, Moriches, New York, for Michael Walstrum.

Peter H. Mayer, Clayton & Mayer, Hauppauge, New York, for Richard Carey.

Richard A. Miller, Islandia, New York, for A–1 Carting, Joseph Pezza, Pasquale Pezza, Hillside Carting, Peter Reali.

Steven B. Nacht, Setauket, New York, for John Senia.

Gilbert T. Perlman, Pasternack & Perlman, Great Neck, New York, for Long Island Rubbish.

John G. Poli, III, Raskin, Haas & Poli, Huntington, New York, for Pat Sesti.

Ronald G. Russo, Fischetti & Russo, New York City, for Associated Waste Disposal, Dependable Sanitation, Vito Aniello, John Haynes, Anthony Natale, Metro Waste, Inc.,

Monbro Sanitation Service, Anthony Montesano, Jr., Peter Marcello, Standard Commercial, Robert Schuman.

Joseph W. Ryan, Jr., Uniondale, New York, for Vigliotti Carting, Arnold Vigliotti.

Laura Sapienza, Farrell, Fritz, Caemmerer, & Cleary, Uniondale, New York, for B & D Carting, South Side Carting, Robert Husak, Orlando Velocci.

Stephen P. Scaring, P.C., Garden City, New York, for Daniel Finley Allen Co., Jamaica Ash, John Allen, Sara Allen, Emedio Fazzine.

Melvyn K. Roth, Garden City, New York, for II Cousins Carting, John Guglielmo.

Richard A. Miller, Islandia, New York, for Sail Carting, Edward DeMatteo, Ernest DeMatteo.

Lark J. Shlimbaum, Shlimbaum & Shlimbaum, Islip, New York, for Budget Roll–Off, Sunset Sanitation, Superior Waste, Frank Palopoli, Salvatore Palopoli.

Karen Silverman, LaRossa, Mitchell & Ross, New York City, for Anthony Vespucci.

Barry Slotnick, Slotnick & Baker, New York City, for Bernard Adelstein.

David Sutton, Garden City, New York, for Delta Carting, Ralph Pantony.

Jeffrey Waller, Huntington, New York, for Craig Comerford.

A. Jeffrey Weiss, New York City, for James J. Corrigan, Arthur Romersa, Vincent Montesano, Vinnie Monte's Waste Systems, Wayside Carting, Inc., Frank Rotundo.

Christopher G. Lehmann, Jody Kasten, Claire S. Kedeshian, Assistant U.S. Attorneys, Brooklyn, New York, for Plaintiff.

## MEMORANDUM AND ORDER

GLASSER, United States District Judge:

Plaintiff, the United States of America, moves for summary judgment pursuant to Federal Rule of Civil Procedure 56, providing for broad injunctive relief against defendant Nicholas Ferrante ("Ferrante") under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"). Defendant Ferrante requests a continuance to conduct discovery pursuant to Federal Rule of Civil Procedure 56(f) and seeks to strike from the Government's papers in support of its summary judgment motion references to the February 1994 guilty plea of Salvatore Avellino ("Avellino") in *United States v. Avellino,* 90–CR–446.

### FACTS

The United States brought this civil RICO action against 112 defendants, alleging that they engaged in a pattern of racketeering activity by committing illegal acts and by using force and threatening to use force against other individuals engaged in the collection of solid waste on Long Island. The underlying facts and the identities of the various defendants are set out in *United States v. Private Sanitation Indus. Ass'n,* 793 F.Supp. 1114, 1121–23 (E.D.N.Y.1992) ("*PSIA*"), familiarity with which is assumed.

For purposes of this motion, the relevant facts are as follows. Ferrante has been involved in the carting industry on Long Island through his companies Unique Sanitation ("Unique") and U–Need–A–Roll–Off ("U–Need"). Declaration of Joseph R. Vittorio ("Vittorio Decl.") ¶ 43; Declaration of Jerome J. Kowalski ("Kowalski Decl.") ¶ 32; Declaration of Peter Stramiello ("Stramiello Decl.") ¶ 39. In addition, Ferrante is reputed to be associated with the Luchese crime family. Plaintiff's Statement Pursuant to Local Rule 3(g) ("Plaintiff's 3(g) Statement") ¶ 2. In that capacity, Ferrante is reputed to have worked closely with Avellino, a reputed caporegime in the Luchese family, in controlling trade waste collection on Long Island. Plaintiff's 3(g) Statement ¶ 8; Declaration of Donald W. McCormick in Support of Plaintiff's Motion for Summary Judgment ("McCormick Decl."), ¶¶ 19–22. It is alleged that Ferrante was a principal "bagman" for Avellino and the Lucheses and, in that capacity, assisted Avellino on a regular basis in collecting extortion payments from carters for the Luchese crime family. Plaintiff's 3(g) Statement ¶ 13.

On October 17, 1986, Ferrante pleaded guilty to coercion in the first degree in violation of New York Penal Law § 135.65(1), a

class D felony.[1] Transcript of October 17, 1986 Plea Allocution in New York State County Court, Suffolk County ("Plea Transc."), p. 9 (Exh. 28 to McCormick Decl.). In pleading guilty, Ferrante stated:

> Your Honor between on or about December 1981 and October 1983, in the County of Suffolk, I Nicholas Ferrante, intentionally and knowingly violated the law by inducing Robert Kubecka and Jerome Kubecka to refrain from bidding for [and] soliciting certain carting customers by instilling in the Kubeckas a fear that I would damage the Kubecka property.

McCormick Decl. ¶ 44; Plea Transc. at 10.[2]

It is alleged that from January 1982 through February 1985, Ferrante, U–Need and Unique Sanitation "knowingly, willfully and intentionally commit[ted] acts chargeable under state law at the time of their commission as [grand larceny ... involving bribery], [attempted grand larceny ... involving bribery], Bribery in the Second Degree, Attempted Bribery in the Second Degree, Rewarding Official Misconduct in the Second Degree, Bribe Receiving in the Second Degree, Attempted Bribe Receiving in the Second Degree, and Receiving Reward for Official Misconduct in the Second Degree[.]" Complaint ¶ 160. It is also alleged that Ferrante and others attempted to and did take property from the Town of Oyster Bay "by unlawfully placing garbage in the Oyster Bay town dump, thereby taking garbage disposal space, without paying the required fees." Complaint ¶ 161. Ferrante is also alleged to have aided and abetted certain defendants in "solicit[ing] and accept[ing] bribes and rewards[.]" Complaint ¶¶ 163, 164.

1. Ferrante's company Unique Sanitation pleaded guilty to attempted coercion in the second degree. Plea Transc., at 11.

2. In addition, in November of 1957, Ferrante was arrested and subsequently indicted under Section 580 of the New York Penal Code, which prohibited conspiracy to commit the crime of bribing a public officer. Supplemental Declaration of Donald W. McCormick, dated September 19, 1994 (McCormick Supp. 9/94), ¶ 3. The opinion in *People of the State of New York v. DeCabia*, 10 Misc.2d 923, 172 N.Y.S.2d 1004, 1005–6 (Nassau Co.Ct.1958), *aff'd* 8 A.D.2d 825, 190 N.Y.S.2d 142 (2d Dept.1959), *aff'd* 7 N.Y.2d

### DISCUSSION

 Summary judgment "shall be rendered forthwith if ... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In order for the moving party to be successful, it must "point[ ] out to the district court ... that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1985). In opposing a properly supported summary judgment motion, "an adverse party may not rest upon the mere allegations or denials of [its] pleading, but [its] response, by affidavits or as otherwise provided in this rule, must set forth *specific facts* showing that there is a *genuine issue* for trial." Fed.R.Civ.P. 56(e) (emphasis added). The non-movant, however, "must do more that simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). "The mere existence of factual issues [pertaining to immaterial facts] will not suffice to defeat a motion for summary judgment." *Quarles v. General Motors Corp.*, 758 F.2d 839, 840 (2d Cir.1985).

 "The moving party is 'entitled to a judgment as a matter of law' [if] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1985). In deciding a summary judgment motion, the court need not resolve disputed

823, 196 N.Y.S.2d 701, 164 N.E.2d 720 (1959), quotes the indictment, as alleging that

> the defendants agreed to give to said official the approximate sum of $1,105 to induce him to refrain from any official action which would tend to initiate the operation of a public garbage district of the Town of Oyster Bay and thus permit the defendants, who were engaged in the business of private sanitation collection in said area, to continue their business without interference.

Ferrante pleaded guilty to a misdemeanor conspiracy charge in that case on June 27, 1958. McCormick Supp. 9/94 ¶ 4.

issues of fact, but need only determine whether there is any genuine issue to be tried. *Eastman Mach. Co., Inc. v. United States*, 841 F.2d 469, 473 (2d Cir.1988). A genuine factual issue exists if there is sufficient evidence favoring the nonmovant such that a jury could return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The nonmoving party, therefore, must come forward with *facts*, and not doubts as to the veracity of the moving party's allegations: "Rule 56(e) ... requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Because Ferrante has failed to show that a genuine issue of material fact exists as to his civil RICO liability, and because his other arguments are not persuasive, summary judgment against Ferrante is appropriate.

The government has submitted a statement pursuant to Local Rule 3(g) consisting of 41 paragraphs of facts which it claims are not in dispute. Ferrante submitted a response to the government's Rule 3(g) statement in which he states that the following specific facts are not in dispute: that this is a civil RICO action, that he and his company Unique Sanitation were indicted by a Suffolk County grand jury in 1983, that he pleaded guilty to the crime of coercion in the first degree and that Messrs. Vittorio, Kowalski and Stramiello were employees of the Town of Oyster Bay. Ferrante asserts the existence of genuine issues of material fact with respect to all the other assertions in the government's 3(g) statement. However, Ferrante fails to allege specific facts that contradict the government's 3(g) Statement and supporting documents. To support his contradiction of the government's assertions, Ferrante submits affidavits of his son and co-defendant, Joseph Ferrante, and of Gary Pezza, in which those individuals deny knowledge of the allegations of the government and offer alternative interpretations of the events described, but do not assert knowledge of specific facts showing that there is a genuine issue for trial.

A review of the government's submissions in support of its motion and of Ferrante's submissions in opposition thereto compels this court to conclude that there is no genuine issue of material fact and that the relief the government seeks should, accordingly, be granted.

## I. CIVIL RICO LIABILITY

■ To state a cause of action under RICO, 18 U.S.C. § 1962(a)–(c), a plaintiff must show "(1) that the defendants (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir.1983), *cert. denied*, 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984). Each of these elements is satisfied in this case.

*The first predicate act*

■ Ferrante's guilty plea in the state court to coercion in the first degree conclusively establishes that he has committed one predicate racketeering act. Section 1961 of Title 18 defines "racketeering activity" as:

> (A) any act or threat involving ... bribery ... which is chargeable under State law and punishable by imprisonment for more than one year; [and] (B) any act which is indictable under ... Title 18, United States Code .. section 1591 [Hobbs Act] (relating to interference with commerce, robbery, or extortion) ...

18 U.S.C. § 1961(1).

■ As a preliminary matter, Ferrante contests the preclusive effect of a guilty plea in a state court in a subsequent civil RICO proceeding brought in a federal court. It is well settled, however, that a state court judgment has collateral estoppel effect in a subsequent federal proceeding to the same extent that it would have in a subsequent state action under state law. *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980) (citing 28 U.S.C. § 1738). Collateral estoppel precludes a litigant in federal court from relitigating all legal and

factual issues conclusively and necessarily determined in an earlier state court action. *Collard v. Incorporated Village of Flower Hill,* 604 F.Supp. 1318, 1322 (E.D.N.Y.1984), *aff'd,* 759 F.2d 205 (2d Cir.1985), *cert. denied,* 474 U.S. 827, 106 S.Ct. 88, 88 L.Ed.2d 72 (1985). As the court has stated:

> The doctrine of collateral estoppel, or issue preclusion, bars a party from relitigating in a second proceeding an issue of fact or law that was litigated and actually decided in a prior proceeding, if that party had a full and fair opportunity to litigate the issue in the prior proceeding and the decision of the issue was necessary to support a valid and final judgment on the merits.

*Metromedia Co. v. Fugazy,* 983 F.2d 350, 365 (2d Cir.1992), *cert. denied* — U.S. ——, 113 S.Ct. 2445, 124 L.Ed.2d 662 (1993).

■ The facts presented in the instant case duplicate in all material respects the situation in *United States v. Private Sanitation Industry Association,* 811 F.Supp. 808, 813–814 (E.D.N.Y.1992), *aff'd* 995 F.2d 375 (2d Cir.1993) (*"PSIA II "*), in which the court held that Avellino's guilty pleas in state court were entitled to preclusive effect. So, too in this case, Ferrante's plea of guilty to the state felony of coercion in the first degree precludes Ferrante from litigating the facts underlying that plea. Furthermore, as is obvious from the testimony of Ferrante in his state court allocution, Ferrante was fully aware of the consequences of his guilty plea. *See* Exhibit 28 to McCormick Decl. at p. 5. As this court noted in *PSIA II,* "a defendant who knowingly and voluntarily enters a guilty plea has had a 'full and just opportunity' to litigate the facts underlying his conviction because he 'has chosen not to avail himself of the opportunity to contest th[ose] facts' [and] must accept the consequences of his action." 811 F.Supp. at 814, *quoting Gerney v. Tishman Constr. Corp.,* 136 Misc.2d 1051, 518 N.Y.S.2d 564 (Sup.Ct. N.Y.Co.1987).

Although, as Ferrante's counsel correctly notes, this court has previously held that the state offense of coercion in the first degree does not constitute a RICO predicate act under Section 1961(1)(A), *PSIA,* 793 F.Supp. at 1133, a conviction for the state felony of coercion in the first degree can establish the elements of a Hobbs Act violation and is thus an indictable offense under Section 1961(1)(B), thereby constituting a RICO predicate. *PSIA II* at 814.

A violation of the Hobbs Act, 18 U.S.C. § 1951 occurs when interstate commerce is obstructed through the threat of violence to persons or property. In pleading guilty in October 1986, Ferrante made the following statement:

> Your Honor, between on or about December 1981 and October 1983, in the County of Suffolk I, Nicholas Ferrante, intentionally and knowingly violated the law by inducing Robert Kubecka and Jerome Kubecka to refrain from bidding for, soliciting certain carting customers by instilling in the Kubeckas a fear that I would damage the Kubeckas' property. McCormick Decl., Exhibit 28, Trans. at 10.

The terms of the statement made by Ferrante in his guilty plea fall squarely within 18 U.S.C. § 1951. In addition in *United States v. Tropiano,* 418 F.2d 1069, 1075 (2d Cir. 1969), *cert. denied* 397 U.S. 1021, 90 S.Ct. 1258, 25 L.Ed.2d 530, 397 U.S. 1021, 90 S.Ct. 1262, 25 L.Ed.2d 530 (1970), the Second Circuit specifically held that causing another carter to cease solicitation of customers satisfied the extortion requirements of the Hobbs Act as to "obtaining property." [3]

*The second predicate act*

■ The second predicate act alleged by the government is the New York State crime of Second Degree Bribery under New York State Penal Law § 200.00. That crime involves bribery and is punishable by more than one year imprisonment; accordingly, that crime is a RICO predicate. *PSIA II,* 811 F.Supp. at 814.

A person is guilty of Bribery in the Second Degree:

---

3. The interstate commerce requirement is also clearly met. As noted in the November 25, 1992 Supplemental Declaration of Donald W. McCormick (filed in support of the Government's summary judgment motion against Avellino) at ¶ 3, the carting companies affected by Ferrante's activities routinely purchased trucks from out of state. Thus the government has shown a sufficient nexus to interstate commerce.

when he confers, or offers or agrees to confer, any benefit upon a public servant upon an agreement or understanding that such public servant's vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influence.

N.Y.Penal Law § 200.00

Evidence submitted by the Government establishes that Ferrante personally bribed officials at the Oyster Bay dump, during the period from January 1, 1982 through February 28, 1985. Affidavits of former Town of Oyster Bay scalehouse employees, Joseph Vittorio, Jerome Kowalski and Peter Stramiello attest that Ferrante bribed employees of the Oyster Bay dump with the understanding that they would improperly assist him in reducing the amount of money his companies were required to pay to the Town for use of the refuse disposal services. *See* Vittorio Declaration ¶¶ 14, 15, 43; Kowalski Declaration, ¶¶ 10, 32; Stramiello Declaration ¶ 39; Supplemental Declaration of Joseph Vittorio (Vittorio Supp. Dec.), ¶ 2.

In response to questions about bribe payments in the Town of Oyster Bay, Ferrante asserted his Fifth Amendment privilege. *See* Transcript of Ferrante's January 14, 1993 Deposition, Exhibit 8 to McCormick Decl., pp. 221–224.

▪ As this court has previously held, an adverse inference may be drawn in a civil RICO proceeding against a defendant who invokes the privilege against self-incrimination. *PSIA II*, 811 F.Supp. at 812 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810 (1976)). However, liability should not be imposed based solely upon the adverse inference. *United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 683 F.Supp. 1411, 1452 (E.D.N.Y.1988) (citations omitted), *aff'd*,

879 F.2d 20 (2d Cir.1989). The government must produce "independent corroborative evidence of the matters to be inferred" before liability will be imposed. *Id.* The government has met this obligation by presenting unrefuted evidence that Ferrante made payments to scalehouse employees in 1982, 1983, and 1984–85, in order to have his companies' tipping fees reduced. Thus, the Government has clearly established Ferrante's repeated commission of acts constituting the New York State crime of Second Degree Bribery, thereby establishing the second predicate RICO act.[4] *PSIA II*, 811 F.Supp. at 814.

### Other elements of RICO liability

▪ Ferrante argues that the government has failed to show that the predicate racketeering acts constitute a pattern of racketeering activity. Nicholas Ferrante's Memorandum in Opposition to the Government's Motion ("Ferrante Memo") at 17.[5] "[T]o prove a pattern of racketeering activity a plaintiff ... must show that the racketeering predicates are related, *and* that they amount to or pose the threat of continued criminal activity." *PSIA*, 793 F.Supp. at 1139 (quoting *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989)).

Ferrante's Hobbs Act violation and his briberies are clearly related to his role in the Long Island carting industry, and evince "the same or similar purposes, participants, victims or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *PSIA*, 793 F.Supp. at 1139. Moreover, Ferrante's activities clearly "embody a threat to the domination of an industry that has been

---

4. Ferrante has submitted an affidavit of his son, Joseph Ferrante, attesting that "my father, to the best of my knowledge, never made cash payments to Mr. Vittorio or any other Oyster Bay employee." Affidavit of Joseph Ferrante ¶ 56. This statement constitutes hearsay and conjecture and is insufficient to defeat a motion for summary judgment. *See Isaacs v. Mid America Body & Equipment Co.*, 720 F.Supp. 255 (E.D.N.Y.1989).

5. Ferrante does not challenge the timing element of racketeering acts under RICO which must occur within ten years of each other. 18 U.S.C. § 1961(5). Ferrante extorted the Kubeckas "[b]etween on or about December 1981 and October 1983 and the public officials were bribed in or about 1982, 1983, and 1984–85, McCormick Decl. ¶ 21, well within the ten year time period."

plagued with corruption for the past decade." *PSIA II,* 811 F.Supp. at 815.

Section 1961(4) provides that:

"[E]nterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity[.]

18 U.S.C. § 1961(4). This Court has already held that the PSIA constitutes an enterprise within the meaning of RICO. *See PSIA II,* 811 F.Supp. at 815.

In order to establish RICO liability, the government must show that Ferrante directly or indirectly invests in, maintains an interest in, or participates in the PSIA (or other RICO) enterprise. The government characterizes Ferrante as an integral part of the carting industry and PSIA enterprises, operating as a "bagman" and "zone captain" for Avellino and the Luchese crime family. Memorandum of Law in Support of Plaintiff's Summary Judgment Motion, p. 24; Plaintiff's 3(g) Statement, ¶ 13. Ferrante's role included policing the cartel's "property rights" system and resolving disputes among carters. Plaintiff's 3(g) Statement, ¶ 8; McCormick Decl ¶¶ 33–39. In support of its characterization of Ferrante's role in the carting industry enterprise, the government submits the affidavit of a special agent with the Federal Bureau of Investigation, *see* McCormick Decl. ¶¶ 19, 20, referring to the transcript of various intercepted telephone conversations. In one conversation, between Avellino and Ferrante, Avellino states "you gave me such a big check over here, you must be flush this month." *See* McCormick Decl., Exhibit 7, p. 2–3. Ferrante, invoking his Fifth Amendment privilege against self-incrimination, refused to answer questions relating to this conversation. Exhibit 8 to McCormick Decl., pp. 290–294. McCormick's affidavit also refers to a conversation between Gary Pezza and Jean Allen in which Pezza refers to payments made to "Nicky" to "take care of these things." McCormick Decl., Ex. 9, pp. 1634–1635. Ferrante again asserted his Fifth Amendment privilege when questioned about the nature of these payments.

Ferrante has asserted that there are genuine issues of material fact relating to the characterization of his involvement in PSIA and the carting industry enterprises, in support of which he has submitted the affidavit of his son and co-defendant, Joseph Ferrante, denying the relationship between Ferrante, Avellino and the Luchese family and offering alternative interpretations of the conversations relied on above. Joseph Ferrante Decl. ¶¶ 3, 30–38. Ferrante has also submitted an affidavit of Gary Pezza stating simply that he has "little recollection of the conversation" and "no specific recollection of ever having seen my father give Nicholas Ferrante money." Pezza Affidavit ¶¶ 3, 4. Pezza also posits an alternative interpretation of his conversation, stating "I could well have been referring to ... payments for services [performed by Ferrante's companies for his father's company] or [charitable and political] contributions." Pezza Affidavit ¶ 6.

However, Ferrante's involvement in the Long Island carting industry is unchallenged and in fact references to his role in the carting industry are made by his son, Joseph Ferrante. *See* Joseph Ferrante Affidavit, ¶ 31.

Based on these submissions, it cannot be concluded that Ferrante has shown the existence of a genuine issue of material fact as to his civil RICO liability. Accordingly, summary judgment against Ferrante is appropriate.

## II. PROPRIETY OF REQUESTED RELIEF

In its motion for summary judgment, the government requests that Ferrante be (a) enjoined from (i) engaging in any activities involved in connection with the collection, transportation or disposal of solid waste, (ii) violating, aiding or abetting the violation of, and/or conspiring to violate any of the provisions of Title 18, United States Code Section 1961 *et seq.,* (iii) participating in the affairs of PSIA or other trade waste association, and from participating in the affairs of Local 813 and its Trust Funds, any other union and its trust funds, (iv) associating with any other defendant or member or associate of organized crime for any commercial purpose and (b) ordered to divest his

interests in the named enterprises and to disgorge the proceeds derived from his unlawful conduct and participation therein into a Court-administered fund.

■ The statute provides that the court may order appropriate relief, "including but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; [and] imposing reasonable restrictions on the future activity of any person, including .. prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in." 18 U.S.C. § 1964(a). The Second Circuit upheld this Court's award of similar relief (including divestiture and disgorgement of the proceeds of his illegal activities) against Avellino. *PSIA*, 995 F.2d at 377. The activities on which Ferrante's RICO violations are based are substantially similar to those for which Avellino was held liable. As the Second Circuit noted, RICO provides "broad discretion and latitude in enjoining violators from activities that might lead to future violations. The injunctions in the instant matter did not exceed the scope of that authority." *Id.*[6] For the reasons set forth in *PSIA II, id.*, the relief requested by the government is appropriate here as well.

## III. DEFENDANT'S CROSS MOTION

*Additional Discovery under Rule 56(f)*

■ Ferrante cross-moves pursuant to Federal Rule of Civil Procedure 56(f), requesting that this court defer ruling on the government's motion for summary judgment to allow him to conduct additional discovery.

Under Rule 56(f), a court may, *inter alia,* order a continuance to permit a party opposing a summary judgment motion to conduct discovery to ascertain "facts essential to justify the party's opposition ..." Fed.R.Civ.P. 56(f) "[A] party seeking such discovery must file an affidavit explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of materi-

al fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy,* 891 F.2d 414, 422 (2d Cir.1989) (citing *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 926 (2d Cir. 1985)).

■ Ferrante supports his motion by submitting an affidavit of his counsel, Paul Batista, requesting additional time to depose Special Agent McCormick and others. Ferrante's request is disingenuous. Ferrante seeks to defend this action by obtaining testimony of others, while continuing to assert the Fifth Amendment privilege with respect to the underlying facts. As this court has ruled previously, "There is no reason to grant a continuance to a litigant who has personal and intimate knowledge of the underlying facts for the purported purpose of conducting discovery to ascertain those identical facts." *PSIA II,* 811 F.Supp. at 817–818.

Batista's assertion that further deposition of McCormick and other defendants will raise genuine issues of material fact is unjustified in view of Ferrante's assertion of his Fifth Amendment privilege and the support lent to McCormick's declarations by independently admissible evidence of which Ferrante is aware.

The request for a continuance to conduct depositions of non-parties Alfonse D'Arco, Salvatore Gravano, Peter Chiodo and Jerry Kubecka, is also disingenuous, as Batista has made no effort to subpoena such persons. *See Burlington Coat Factory v. Esprit de Corp.,* 769 F.2d at 919.

Accordingly, Ferrante's request for a continuance is denied.

*Motion to strike references to the Avellino guilty plea*

■ Ferrante seeks to have the government's references to Avellino's guilty plea to

---

**6.** The constitutional issues raised by Ferrante have been addressed by the Second Circuit, which noted that "the prohibition on association with known criminals or other defendants for commercial purposes does not violate ... First Amendment associational rights." *PSIA,* 995 F.2d at 377; *see, also, United States v. International Brotherhood of Teamsters,* 941 F.2d 1292, 1297 (2d Cir.1991), *cert. denied* 502 U.S. 1091, 112 S.Ct. 1161, 117 L.Ed.2d 408 (1992).

racketeering charges stricken from the record. Ferrante bases his request on several alternative theories. In the first instance, Ferrante refers to the government's assertion at the allocution that it does not "intend to use Mr. Avellino's guilty plea or allocution against any defendant in this case, or against any unindicted co-conspirator that's been identified ... And we don't have any present intention of using Mr. Avellino's guilty plea or allocution against anyone at this time." Ex. 6 to McCormick Decl., at 15. The government notes that Ferrante was neither a defendant nor an identified co-conspirator in that criminal action, *United States v. Salvatore Avellino*, 843 F.Supp. 829 (E.D.N.Y. 1994). Further, the government asserts that the statement simply described the government's intention at the time, and in fact the statement is carefully limited to *present* intention with respect to use of the indictment against "anyone." The government's use of this allocution in these papers prepared and filed almost two months subsequent to the date of the allocution is, accordingly, not technically precluded by its statement of intent at Avellino's allocution.

Ferrante also argues that the allocution should be precluded as inadmissible hearsay for which no exception is available. Fed.R.Ev. 801(c), 802, 803. The government notes that the courts have routinely relied on prior trial testimony as proper evidence in deciding summary judgment motions. *See, e.g., Kelley v. Price–Macemon*, 992 F.2d 1408, 1415 n. 12 (5th Cir.), *rehearing denied* 999 F.2d 1581 (5th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 688, 126 L.Ed.2d 656 (1994) ("It is well-settled that a certified transcript of a judicial proceeding may be considered on a motion for summary judgment"). Although the cases cited by the government all involve situations in which the parties to the summary judgment motion were parties to the trial in which the testimony was offered, the underlying logic in determining whether to admit previous trial testimony applies.[7] Such testimony is admissible on the same basis as affidavit testimony—thus, admissibility turns on the nature of the underlying testimony. Thus, before this court considers the underlying testimony to determine whether it is hearsay, or qualifies for one of the hearsay exceptions, the court must examine whether the evidence is relevant to this action.

The government asserts that the Avellino allocution is submitted not to prove the existence of any of the necessary elements of RICO liability, but rather to prove "the nature, extent and viciousness of the Long Island carting enterprise .." Plaintiff's Reply Memo at 21. Ferrante's liability for the RICO violations does not depend on proof of this element. Thus, the proof related thereto is not relevant and is inadmissible under the Federal Rules of Evidence. Fed. R.Evid. 402. In any event, even if the Avellino allocution were admissible, its minimal probative value would be far outweighed by its prejudicial impact. Fed.R.Evid. 403.

Accordingly, Ferrante's motion to preclude the Avellino allocution is granted.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is granted. Defendant's cross-motion requesting a continuance to conduct discovery is denied. Defendant's cross-motion to strike references to the Avellino guilty plea from the Government's papers in support of its motion is granted.

SO ORDERED.

---

7. Ferrante asserts that the allocution statements should be precluded because his Sixth Amendment confrontation rights would be violated. *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). This argument is without merit. This case is brought by the government to assert civil RICO liability; accordingly, Ferrante's sixth amendment rights are not in question.