**Michelle A. BONURA, Plaintiff–Appellant,**

v.

**SEARS ROEBUCK & COMPANY, Mary Jane Marcone, Defendants–Appellees.**

**Docket No. 02–7991.**

United States Court of Appeals, Second Circuit.

May 2, 2003.

Michelle A. Bonura, Henrietta, NY, pro se.

Thomas S. Gill (Michael C. Driscoll, on the brief), Hiscock Barclay Saperston & Day, Buffalo, NY, for Defendants–Appellees.

PRESENT: CALABRESI, F.I. PARKER, and SACK, Circuit Judges.

**SUMMARY ORDER**

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE AT-

TENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 2ⁿᵈ day of May, two thousand and three.

**UPON DUE CONSIDERATION,** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED**.

Plaintiff–Appellant Michelle Bonura appeals, pro se,[1] from an order of the district court (Telesca, *J.*) denying her Rule 56(f) motion to extend discovery, and granting summary judgment to the defendants on her Title VII and Americans with Disabilities Act (ADA) claims.

We review the court's denial of the Rule 56(f) motion for abuse of discretion. *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.,* 995 F.2d 375, 377 (2d Cir.1993). The grant of summary judgment we review de novo. *Whidbee v. Garzarelli Food Specialties, Inc.,* 223 F.3d 62, 68 (2d Cir.2000).

Having carefully studied the record, we conclude that the district court was well

within its discretion in denying the Rule 56(f) motion. As to the grant of summary judgment, we affirm, though on grounds different from those given by the district court.[2] Assuming *arguendo* that Bonura was disabled within the meaning of the ADA, we believe that the facts asserted do not suffice to permit a jury to conclude (a) that the alleged harassment was "sufficiently severe or pervasive to alter the conditions of [Bonura's] employment and create an abusive working environment," *Alfano v. Costello,* 294 F.3d 365, 373 (2d Cir.2002) (discussing the hostile work environment standard in the Title VII context),[3] or (b) that the alleged indignities amounted to "materially adverse" employment actions within the meaning of federal anti-discrimination law, *see generally Weeks v. New York State (Div. of Parole),* 273 F.3d 76, 85 (2d Cir.2001) (setting forth the Title VII standard for adverse employment actions) (possibly abrogated on other grounds by *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)).[4]

We have assessed Bonura's remaining arguments and find no merit in them. Accordingly, the judgment of the district court is AFFIRMED.

---

1. Bonura was counseled for much of the proceedings below.

2. The district court held that Bonura was not disabled within the meaning of the ADA.

3. The Second Circuit has yet to determine whether the ADA gives rise to a cause of action for hostile work environments, but the circuits that have reached this question have answered it in the affirmative. *See Fox v. General Motors Corp.,* 247 F.3d 169, 176 (4th Cir.2001); *Flowers v. Southern Reg'l Physician Servs., Inc.,* 247 F.3d 229, 232–35 (5th

Cir.2001). Because we hold that Bonura cannot establish a hostile work environment, we need not decide whether the ADA supports such a cause of action.

4. Claims of intentional discrimination under the ADA are analyzed using the framework developed under Title VII. *Regional Econ. Community Action Prog., Inc. v. City of Middletown,* 294 F.3d 35, 48–49 (2d Cir.), *cert. denied* —— U.S. ——, 123 S.Ct. 74, 154 L.Ed.2d 16 (2002).