Ortiz v. Case

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of October, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
             RICHARD J. SULLIVAN,
                  *Circuit Judges*.

_____

JOSUE ORTIZ,

                  *Plaintiff-Appellant*,

          v.                                                 19-775-cv

KENNETH F. CASE, in his Capacity as an Assistant District Attorney of the Erie County District Attorney's Office, FRANK A. SEDITA III, Individually and in his Capacity as District Attorney of the Erie County District Attorney's Office, FRANK J. CLARK, Individually and in his Capacity as District Attorney of the Erie County District Attorney's Office, THE ERIE COUNTY DISTRICT ATTORNEY'S OFFICE,

                  *Defendants-Appellees*.

_____

Appearing for Appellant:      Alan J. Pierce, Hancock Estabrook, LLP, Syracuse, N.Y.
                              Wayne C. Felle, Law Offices of Wayne C. Felle, P.C.,
                              Williamsville, N.Y. (*on the brief*).

Appearing for Appellee:       Mark Davis, Lippes Mathias Wexler Friedman LLP, Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Wolford, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Josue Ortiz appeals from the March 18, 2019 decision and order of the United States District Court for the Western District of New York (Wolford, *J.*), granting defendants' motion for summary judgment as to Ortiz's claims for violations of his civil rights related to his arrest and conviction, 42 U.S.C. § 1983, finding Ortiz's motion to compel moot, and denying Ortiz's cross-motion for leave to amend. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Ortiz argues: (1) the district court erred in granting defendants summary judgment before allowing him to complete discovery; (2) the district court erred in concluding that any investigative or administrative activities defendants may have conducted during the period after his direct appeal ended and before his motion to vacate had been filed would be covered by absolute immunity and that Ortiz had failed to support his municipal liability claims; and (3) the district court erred in denying leave to amend his complaint. Because Ortiz's first two arguments are related, we address them jointly.

"Summary judgment may be granted only if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Bellamy v. City of New York*, 914 F.3d 727, 744 (2d Cir. 2019) (internal quotation marks and citation omitted). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We review a grant of summary judgment de novo. *Bellamy*, 914 F.3d at 744.

A party opposing summary judgment is not automatically entitled to discovery. *Gualandi v. Adams*, 385 F.3d 236, 244-45 (2d Cir. 2004). "To request discovery under Rule 56[(d)], a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Id.* "Even where a rule 56[(d)] motion is properly supported, a district court may refuse to allow additional discovery if it deems the request to be based on speculation as to what potentially could be discovered." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 117 (2d Cir. 2001) (internal quotation marks and citation omitted). Denial of discovery is reviewed under an abuse of discretion standard. *Id.*

On appeal, Ortiz argues the court erred in finding that absolute immunity would protect defendants' investigative and administrative activities related to the information defendants received from the U.S. Attorney's Office ("USAO") regarding the crime Ortiz was convicted of. We find Ortiz's arguments unavailing. Ortiz failed to meet the requirements of a Rule 56(d) affidavit. The affidavit submitted merely describes the materials sought, such as depositions, without explaining the *facts* these materials would establish. And assuming arguendo we can consider subsequent briefing for these purposes, Ortiz's argument still fails. Ortiz has stated "we suspect and believe" that "administrative or investigative" activities took place, App'x at 764,

but this assertion is too general and speculative to entitle Ortiz to discovery. *See United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 995 F.2d 375, 377 (2d Cir. 1993) (finding no abuse of discretion for denial of discovery because the appellant "never described in specific terms evidence that might be forthcoming and would demonstrate that a genuine issue actually existed. Instead, he submitted a[n] affidavit by his counsel that only speculated about what further discovery might reveal" (citation omitted)).

Assuming his assertion that "investigative or administrative" activities took place was a sufficiently specific fact, Ortiz still would not be entitled to discovery because he has not shown how that fact is material. Even if defendants undertook such activities in connection with the information provided by USAO between the end of Ortiz's direct appeal and his filing to vacate, these activities would be covered by absolute immunity and would not affect the outcome here.

Absolute immunity does not reach "those acts a prosecutor performs in administration or investigation not undertaken in preparation for judicial proceedings." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995). "Although all investigative activity could be considered in some sense to be 'prepar[ation] for the initiation of judicial proceedings,' the Supreme Court has sought to draw a line between those preparatory steps a prosecutor takes to be an effective advocate of a case already assembled and those investigative steps taken to gather evidence." *Smith v. Garretto*, 147 F.3d 91, 94 (2d Cir. 1998) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

Here, investigative or administrative activities related to the information USAO provided would have been in anticipation of the inevitable motion to vacate the conviction and to evaluate if and how to "defend[] a conviction from collateral attack," making the activities firmly part of a prosecutor's function. *Warney v. Monroe County*, 587 F.3d 113, 122 (2d Cir. 2009). It is undisputed that defendants were not involved in either the state or federal investigations, so their activities would have dealt with "a case already assembled," *Smith*, 147 F.3d at 94, such that immunity applies.

In these circumstances, any investigative or administrative activities uncovered through additional discovery would not preclude immunity and thus facts relating to such activities would be immaterial.

Equally unavailing is Ortiz's challenge to the district court's grant of summary judgment to the municipal defendants. Municipalities may be sued for violations of section 1983 "where the municipality allegedly implemented an unconstitutional custom or policy." *Montero v. City of Yonkers*, 890 F.3d 386, 403 (2d Cir. 2018) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 694-95 (1978). "Such a custom or policy may be reflected through policy statements, ordinances, regulations, or decisions 'officially adopted and promulgated by that body's officers.'" *Id*. (citing *Monell*, 436 U.S. at 690). A single action by a decisionmaker with final authority to establish municipal policy with respect to the action ordered may also be sufficient. *Id*.

Ortiz failed to show, or even plead, the existence of facts supporting his municipal liability claims. For instance, Ortiz's complaint reads, "Prior to and during the criminal

investigation, prosecution and conviction of Plaintiff it was the policy or custom of the ECDAO to endorse, authorize and enforce unconstitutional methods, investigations, arrests, identifications, evidence disclosure and all other procedures related to the Constitutional rights of citizens, including the Plaintiff herein." App'x at 271-72. The bare assertion that such a policy or custom exists, without any factual basis to support its existence, even circumstantially, or to demonstrate how it results in constitutional violations, is not enough to defeat a motion for summary judgment. *See Montero*, 890 F.3d at 403; *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010).

Ortiz next challenges the district court's denial of his motion for leave to amend. "We review the district court's denial of leave to amend for abuse of discretion." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018). While Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given when justice so requires, it is within the district court's discretion whether to grant or deny the leave. *Id*. Leave may be denied for reasons such as futility, bad faith, undue delay, or undue prejudice to the opposing party. *Id*. "Amendment is futile if it fails to cure prior deficiencies." *Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019) (internal quotation marks and citation omitted).

The district court denied Ortiz's cross-motion for leave to amend because the proposed amendment would be futile and because the amendment was untimely. *Ortiz v. Case*, No. 16-CV-00322, 2019 WL 1236413, at *8-10 (W.D.N.Y. Mar. 18, 2019). We agree.

None of the proposed amendments alleges activity that is unprotected by absolute immunity. As noted above, immunity extends to investigative work done in preparation for court proceedings, *see Smith*, 147 F.3d at 94, and the new allegations fail to add specific factual detail suggesting that defendants conducted any acts other than what was ultimately preparation for collateral proceedings challenging Ortiz's conviction. Finally, we agree with the district court that the proposed amended complaint does not state a claim for failure to train.

Therefore, we affirm the court's denial of Ortiz's cross-motion for leave to amend his complaint because of futility. We have no need to address the court's alternative ground of denial on the basis of undue delay as a result.

We have considered the remainder of Ortiz's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4